## (June 21, 1948.)

REMFORD CORPORATION, Appellant, *v.* WILLIAM ROSENFELD et al., Individually and as Executors of MARTHA FISHER, Deceased, Respondents.

*Per Curiam.* Respondents, who claimed to be the tenants and undertenants herein, are executors of the estate of Martha Fisher, deceased, who occupied

an apartment in landlord's premises under a lease between decedent and the landlord for a two-year term, which by written agreement was extended for a further period of one year until September 30, 1946. The original lease between decedent and the landlord contained a covenant against assignment or subletting without the consent of the landlord and provided that the premises were to be occupied only by the tenant and the members of her immediate family. Before the term fixed in the renewal lease and on January 16, 1946, Martha Fisher died. Thereafter, William Rosenfeld and Freda M. Rosenfeld, who were the executors, on behalf of the estate, continued to pay the rent on decedent's apartment for the balance of the term. It seems that during this period they occupied the apartment of the decedent. On May 7, 1946, the agents for the landlord sent the executors a letter advising them that due to the death of the original tenant, the landlord had rented the apartment to another tenant for a term commencing October 1, 1946. In that communication the landlord also offered to release the estate from its lease obligations prior to the October 1st date if the executors of the estate were inclined to relinquish the apartment before the termination of the lease. When October 1, 1946, arrived, the executors refused to vacate. This dispossess proceeding followed.

We think that the trial court erred in finding for the tenants and undertenants. While the executors were justified in holding on to the premises in their representative capacity until the expiration of the original term, this did not operate as an assignment or subletting in contravention of the specific terms of the lease. Whatever rights the executors acquired were solely in their representative capacity. We find no basis in the evidence for a holding that the landlord waived the provision in the lease against assignability and that he accepted the executors of decedent's estate as tenants in their individual capacity. Accordingly, the determination of the Appellate Term and the final order of the Municipal Court should be reversed, with costs in this court and $25 costs in the Appellate Term to the appellant, and a final order of eviction is directed in favor of the landlord and against the tenants and undertenants.

Peck, P. J., Glennon, Cohn, Callahan and Shientag, JJ., concur in *Per Curiam* opinion.

Determination of the Appellate Term and final order of the Municipal Court unanimously reversed, with costs in this court and $25 costs in the Appellate Term to the appellant, and a final order of eviction directed in favor of the landlord and against the tenants and undertenants. Settle order on notice.