S. Samuel Di Falco, S.
The Public Administrator, as administrator c. t. a. of the assets of the decedent, filed his final account. Thereafter the attorney in fact for residuary legatees petitioned the court to vacate and set aside the decree which granted letters to the Public Administrator, and to revoke the letters. That proceeding has been consolidated with the accounting proceeding. The court will first consider the application to vacate the decree granting letters of administration c. t. a.
The will of the decedent appointed two individuals as his executors, both of whom qualified and proceeded to administer the estate until their respective deaths in 1929 and 1946. The assets bequeathed by the will to the residuary legatees had been vested by the Alien Property Custodian, the legatees being nonresident enemy aliens. In February, 1951, at the request of the United States Attorney, the Public Administrator applied for letters of administration c. t. a. It has been clearly established that at the time of that application for letters, no person named as executor in the will was living and there was property *466 in the State of New York belonging to the decedent which remained unadministered. It has also been clearly established that all of the legatees in this will were nonresident aliens and were not qualified to receive letters. It is also clear beyond any possibility of dispute that the person having the first priority for letters of administration c. t. a. was the Public Administrator, who is expressly named in subdivision 4 of section 133 of the Surrogate’s Court Act.
The objection to the decree granting letters to the Public Administrator is that he is not one of the persons expressly named in section 133 of the Surrogate’s Court Act, as a person authorized to petition for letters of administration c. t. athat the court had no jurisdiction to issue the letters to him on his own petition, and that the decree, therefore, is void. In other words, the objection is not that he is not entitled to letters, but rather that he is not entitled to ask for them.
Section 133 makes it mandatory upon the Surrogate to issue letters in accordance with the statute ‘1 upon the application of a creditor of the decedent or a person interested in the estate of the decedent or a person having a lien upon any real property upon which the decedent’s estate has a lien”. Obviously the Public Administrator is neither a creditor of this decedent nor a person having a lien upon real property. The term ‘ ‘ persons interested ” is defined in section 314 (subd. 10) of the Surrogate ’s Court Act to ‘£ include ’ ’ persons entitled to share in the estate as distributee, legatee, devisee, assignee, grantee, “ or otherwise except as a creditor It is argued that the Public Administrator does not come within the definition of a person interested in the estate, and that consequently he is ineligible to apply for letters of administration c. t. a. even in a case where he is the only person qualified to receive such letters. Parenthetically, we should note that if he is unable to petition in such a case under section 133, he would likewise be disabled to seek ordinary letters of administration under section 119 or letters of administration d. b. n. under section 136.
The general authority of the Public Administrator is specified in article VIII-A of the Surrogate’s Court Act. Even before letters of administration are issued to him, he is expressly authorized to “ take possession of, collect and secure the goods, chattels, personal property and credits of an intestate or of a testator, if the executor named in the will refuses or neglects to act or is dead or if his whereabouts are unknown or if he is incompetent to receive letters by reason of a disqualification under subdivisions one to four of section ninety-four of this *467 act”. (§ 136-t, subd. [1].) In the case now before the court, the executors named in the will were dead, there was no qualified person acting as administrator c. t. a., the legatees were disqualified from acting and there was unadministered property in this jurisdiction. Moreover, the United States had an interest in the assets of the decedent as the result of vesting the legatees’ interests. The Public Administrator is explicitly authorized to act in such an estate even before issuance of any letters to him. Such a grant of authority may well become a duty and responsibility where request is made to him by a governmental agency to protect the interest of the Government in the estate. The Public Administrator does not have the full right, as do individuals, to renounce appointment as an estate fiduciary. Once his right to letters of administration is established, he may be excused from acting only by permission of the court expressed in a formal order, duly made and entered. (Surrogate’s Ot. Act, § 120.) Moreover, he is explicitly authorized to “ institute discovery or any other proceedings pursuant to the surrogate’s court act”. (§ 136-z, subd. [3].) This grant of authority to institute any other proceedings must of necessity include a proceeding such as is here involved, where he is the only qualified person entitled to letters in a particular estate.
The provisions of the Surrogate’s Court Act which specify the persons authorized to commence special proceedings in the administration of an estate, are designed to protect the estate and the persons succeeding to the property against arbitrary intrusion by those having no legitimate interest to serve. The Public Administrator has been held to be a “ person interested ’ ’ in the estate of a decedent within the meaning of that term as used in section 133 and related sections. (Matter of Sorensen, 195 Misc. 742, 745.) He is patently a 1 ‘ person interested” where his duty as a public officer plainly requires him to take such steps as are necessary to perform the duties which the Legislature has imposed upon him in a case such as this. In any event, his authority to institute a proceeding for the issuance of letters of administration c. t. a. is clearly granted him by section 136-z of the Surrogate’s Court Act.
Wholly aside from the Public Administrator’s right to institute proceedings, the decree granting letters would not be void even if the statutes were construed as not extending to him positive permission to institute proceedings. He would nevertheless be a necessary party respondent in any application in this estate for the issuance of letters. The court had jurisdiction *468 of the subject matter; it not only had jurisdiction to appoint the Public Administrator, it is under an absolute duty so to do. A decree based upon the petition of a party who had no right or legal capacity to institute a proceeding would be at most an irregularity that would not render the decree void and open to collateral attack. (1 Freeman, Judgments [5th ed.], § 361, p. 756.) Where a proceeding was instituted by an improper party, the persons interested could, of course, prosecute an appeal or they might, perhaps, seek relief in an equitable proceeding. The petitioners here treat the prior decree as wholly void. In this, they are in error. However, even if the present application could be deemed one for reconsideration of the original application to appoint an administrator c. t. a., the court confirms the appointment of the Public Administrator. No other person has a prior right to appointment as administrator c. t. a. in this estate.
The application to revoke letters of administration c. t. a. is, therefore, in all respects denied.
The following rulings are made on the objections of the residuary legatees:
The first objection challenges the status of the accounting party, alleging that the ‘ ‘ pretended letters, and the decree of this Court which purported to grant such letters, were and are null and void.” The objection is overruled.
The second objection is addressed to the failure of the Public Administrator to invest the estate funds in interest bearing accounts. The City of New York is expressly made “ answerable * * * for the due application by [the Public Administrator] of all moneys and property received by him and for all moneys and securities and the interest, earnings and dividends thereon actually received by him or which he should have collected or received.” (Surrogate’s Ct. Act, § 136-l.) The funds received by the Public Administrator are, therefore, treated as funds of the city and subject to the provisions of law governing deposit of funds by the City of New York. Accountant’s Exhibit 9 is a list of the banks in which the Public Administrator is permitted to deposit funds pursuant to action taken by the city officers under section 421 of the New York City Charter. The authorized banks are commercial banks. The Public Administrator cannot reasonably keep separate accounts for each of the numerous estates under his supervision. Normally he would be required constantly to draw on his account. He keeps the funds in demand deposits, which, by law, are not permitted to pay interest. (Regulations Q, Federal *469 Reserve System; General Regulation 3, New York State Banking Board.) Moreover, the Public Administrator is, by statute, permitted to retain marketable securities beyond two months after issuance of letters of administration only when an order to that effect has been made by the Surrogate. (Surrogate’s Ct. Act, § 136-z, subd. [8].) The Public Administrator has not, therefore, earned interest on the funds, and in the procedure under which he must operate, he could not have done so, at least insofar as this record shows. There is some indication in section 421 of the New York City Charter, that the City of New York may have received interest on these funds, although the provisions of law governing banking operations would seem to negate this. -If the City of New York has in fact received any interest on these particular funds, the objectants would be entitled to such interest. The Public Administrator will file an affidavit clarifying this matter. The objection is in all other respects overruled.
The third objection is overruled. The court finds that the sum paid to the attorney as compensation for legal services is fair and reasonable.
The fourth objection is sustained in part. It is conceded that some of the items listed in Schedule C are estimated expenses not yet incurred and subject in any event to adjustment. The objection will be sustained as to all items not actually disbursed. It is, therefore, sustained as to the item of $60 and to the difference between $100 and $48.85 (representing $25 for filing account; $20 for estate tax proceeding and $3.85 for administration proceeding). The Public Administrator will be obliged to pay to the Clerk of the court the difference between the fee actually paid at the time of the petition for letters and the fee payable by law because of the assets actually received by him. In his bill of costs, he may tax the amount so paid and also any other sums payable for certified copies of the decree and for other expenses necessarily incurred by him. The objection to the item of $20.75 is overruled. The payment of such filing fees was actually made by the administrator.
The fifth objection is overruled. The administration expenses were necessarily incurred and actually paid.
The sixth objection is to the request of the petitioner for determination of the claims of the attorney in fact for the legatees and of the estate of the deceased executor. The attorney in fact, speaking for his principals, alleges that they wish to adjust the matter privately with him. The public policy reflected in section 231-b of the Surrogate’s Court Act requires *470 the court in such a situation as this to fix the compensation of the attorney in fact if any compensation is claimed to be due him. He is directed to file an affidavit of services on or before the date of the settlement of the decree herein. The fixation of his compensation will be reserved for determination at that time.
The seventh objection is overruled.
The objections of Helen Garbarino, as administratrix cl. b. n. of John Purcella, are overruled. If as personal representative of the deceased executor she has any claim against this estate she must present it in accordance with the practice of this court and the statutes regulating such practice. Since she asserts a claim generally but refuses to specify its nature or present it in this proceeding, her claim is dismissed.
Submit decree on notice settling the account accordingly.