*222 OPINION OF THE COURT
Memorandum.
Judgment of the court below (see 103 Misc 2d 625) unanimously modified by reducing the amount to $127.09, plus costs and disbursements in the court below, and, as so modified, affirmed, without costs.
This is a small claims proceeding wherein the administratrix of a deceased tenant seeks to recover two months’ security in the amount of $424.53 from defendant, landlord. Tenant resided in the premises under a lease running from May 1, 1976 until April 30, 1979 at a monthly rental of $209.31. Tenant died on March 17,1978. The keys to the apartment were given to the defendant on March 28,1978. Defendant, in turn, relet the apartment on May 1, 1978 at a rental of $225 per month. Insofar as is relevant to this appeal, the deceased tenant’s lease provided that the landlord had the option to relet the premises as tenant’s agent and that no surrender of the premises would be valid unless accepted in writing.
A lease for a term of years is not terminated by the death of the lessee prior to the expiration of the term (2 Rasch, New York Landlord and Tenant [2d ed], § 1016). The lease passes as personal property to the estate (see EPTL 13-1.1), which remains liable for payment of the rent (34 NY Jur, Landlord and Tenant, §§277, 358). Moreover, the personal representative has the same remedies as the lessee had for any breach of the agreement (Real Property Law, § 223). Thus, the trial court’s finding that the agency created in the lease was terminated by tenant’s death is incorrect. As a general rule, the death of the principal acts as an absolute revocation of an agent’s authority (2 NY Jur 2d, Agency, §44). However, this rule is not applicable where, as here, the estate replaced the deceased tenant as a party to the lease by operation of law. In effect, the death of the tenant effectuated a substitution of the estate as the principal and not a revocation of defendant’s option to relet the premises as plaintiff’s agent.
Further, the mere retention by defendant of the keys to the premises is not by itself conclusive evidence of an acceptance of a tendered surrender (Gadek v F.W.B. Corp., 26 AD2d 807; 34 NY Jur, Landlord and Tenant, *223 § 397). Where, as here, it is expressly agreed by the parties that the landlord may relet the premises as tenant’s agent, the inference is that landlord is not reassuming control of the premises, but is adopting a method mutually agreed upon to lessen tenant’s damages (2 Rasch, New York Landlord and Tenant [2d ed], § 874). Therefore, no surrender and acceptance by operation of law will result from defendant’s authorized reletting, absent proof, not herein offered, to rebut the inference (Kottler v New York Bargain House, 242 NY 28). Moreover, the lease herein provided in substance that no surrender shall be valid unless accepted in writing. While such a clause may be waived (Goldsmith v Schroeder, 93 App Div 206), the record is devoid of any facts supporting such a waiver.
The court below found that this lease provision limiting acceptance to be unconscionable under section 235-c of the Real Property Law. We disagree with this conclusion of the court and hold such clause to be valid and enforceable.
There is no claim by plaintiff or anything in the record which would indicate that either she or the deceased tenant was uneducated, illiterate or that they did not understand that the lease contained a clause limiting the acceptance of a tendered surrender (see Blake v Biscardi, 62 AD2d 975). In addition, the element of unreasonableness is not present (see Halprin v 2 Fifth Ave. Co., 75 AD2d 565, app dsmd 51 NY2d 769) as it cannot be said that it is unreasonable for a landlord to limit the mode of acceptance of a surrender of the premises.
Pursuant to the lease, defendant was entitled to recover any sums incurred while the premises remained vacant and the costs incurred in rerenting the apartment. At trial, defendant established that the premises were vacant for one month thereby warranting an offset in the amount of $209.31. Further, defendant offered itemized paid bills totaling $276.41 for repairs to the apartment and painting. The trial court improperly rejected these bills because they had not been certified.
Small Claims Parts need not require that documentary proof consisting of a paid bill be in conformance with CPLR 4533-a (Butler v Fein, NYLJ, Nov. 29, 1979, p 12, col 4). *224 Compliance with CPLR 4533-a is not mandated in the absence of such requirement by the Small Claims Part of the court in which the action is brought (Murphy v Lichtenberg-Robbins Buick, 102 Misc 2d 358). As the Small Claims Parts of the Civil Court of the City of New York only require a litigant to submit itemized paid bills, it was error for the the court below to reject defendant’s evidence.
While defendant is permitted to offer the above items, totaling $485.72, as an offset to plaintiff’s claim, we note that plaintiff is also entitled under the terms of the lease to be credited with the rents in excess of the deceased tenant’s rental paid by the new tenant for the balance of plaintiff’s term. Defendant received an additional sum of $188.28 for the balance of plaintiff’s term. Applying this amount to the difference between the damages claimed by defendant and the security deposit, plaintiff is entitled to recover $127.09 of the deposit.
The other issues raised by the trial court and on appeal do not present any questions warranting appellate review.
Concur: Pino, P. J., Buschmann and Kunzeman, JJ.