OPINION OF THE COURT

Per Curiam.

Final judgment entered March 31,1983 is reversed, with $30 costs; final judgment of possession is awarded in favor of the landlord.
*40 Landlord, 829 Seventh Avenue Company, initiated this holdover proceeding to recover possession of a one-bedroom rent-controlled apartment identified as apartment 10-E, 162 West 54th Street. Verne Reider entered into possession of that apartment under a lease with 829 Seventh Avenue Corp., commencing September 1, 1966 and expiring August 31, 1968. After the expiration of that lease, Verne Reider remained in possession as a statutory tenant, until her death on September 29,1982. This holdover proceeding was commenced against the statutory tenant’s granddaughter, Eve Reider, who claims entitlement to remain in possession under subdivision d of section 56 of the New York City Rent and Eviction Regulations. Subdivision a of section 56 of the New York City Rent and Eviction Regulations enables a landlord to recover possession of premises where a statutory tenant ceases to use the accommodation as his dwelling. Subdivision d of section 56, however, provides: “No occupant of housing accommodations shall be evicted under this section where the occupant is either the surviving spouse of the deceased tenant or some other member of the deceased tenant’s family who has been living with the tenant” (emphasis added).
Admittedly Eve Reider is a member of Verne Reider’s “family” and thus the principal question posed for the court below was whether Eve Reider had, in the language of subdivision d of section 56, “been living with” her grandmother at the time of the latter’s death. The court below not only concluded that Eve Reider had, indeed, “been living with” her grandmother at the time of the latter’s death and was thus entitled to avail herself of the protection afforded by subdivision d of section 56, but further concluded that because the landlord had failed to demonstrate a landlord-tenant relationship with the statutory tenant, the petition must be dismissed.
As to the petitioner’s entitlement to maintain this proceeding, petitioner produced a deed evidencing the conveyance of the premises on June 14,1973 from Bilhar, Inc., to the petitioner 829 Seventh Avenue Company. Moreover, landlord’s managing agent, Berley & Co., by Alan R. Cohen, testified to the receipt of rent from Verne Reider, prior to her death, in the amount of $178.92 per month. *41 Parenthetically, Mr. Cohen noted that the rental of $178.92 was predicated upon a senior citizen’s exemption filed by Verne Reider and that the controlled rent of the apartment without the exemption would have been $378.07. While it is true that Verne Reider’s 1966 lease was with an entity, 829 Seventh Avenue Corp., as distinguished from the petitioner 829 Seventh Avenue Company, the trial court erred in finding that it was necessary for the landlord, in order to establish its landlord-tenant relationship with Verne Reider, to document every conveyance of the premises from 1966, when the premises were owned by 829 Seventh Avenue Corp. to November 23,1982 (the date of the inception of this proceeding) when the premises were owned by petitioner 829 Seventh Avenue Company. Not only does the weight of evidence adduced at trial establish that 829 Seventh Avenue Company was both the owner of the building and Verne Reider’s landlord, but Eve Reider, the respondent in this proceeding — except for a pro forma denial in her answer of knowledge or information sufficient to form a belief as to the truth of the allegation in the petition that 829 Seventh Avenue Company, a partnership, “is authorized to institute and maintain this proceeding, and is the owner of the premises” — offered no challenge whatsoever to petitioner’s right to maintain this proceeding. Thus not only was landlord’s standing to maintain this proceeding amply demonstrated, but it was inappropriate for the court below to utilize as a basis for dismissing the petition a predicate which was never even seriously advanced by the respondent (Z Mgt. Co. v J.E.B.M. Launders, NYLJ, Oct. 29, 1980, p 6, col 1 [App Term, 1st Dept]).
We turn now to the issue of Eve Reider’s claim of protection under subdivision d of section 56 of the New York City Rent and Eviction Regulations, as one who has been “living with” the statutory tenant before the latter’s death. We have already reflected upon the language “living with” utilized in subdivision d of section 56. In Goodhue House Co. v Bernstein (NYLJ, Dec. 7, 1981, p 14, col 3 [App Term, 1st Dept]) we observed: “It will be seen that the regulation does not specify any particular period of time during which the family member must have been living *42 together with the controlled tenant. Manifestly, the purpose of the section is to give a measure of protection to those who have been residing with the deceased (or vacated) tenant as an integral member of that tenant’s family unit. Such relationships usually connote a fair degree of permanence and continuity. Each case is sui generis”. •
Where to “draw the line” between those that are entitled to subdivision d of section 56 protection and those that are not, while not self-evident from a literal reading of the section itself, must be determined in the context of the purpose of that section identified in Goodhue House Co. v Bernstein (supra), as to afford protection to those family members of a statutory tenant who have fully and with a fair degree of permanence integrated themselves into the family living unit of the statutory tenant. Subdivision d of section 56 is not to be utilized as a mechanism by which a departing statutory tenant may anoint a family member not fully integrated into the former’s family living unit as successor to that tenancy. Nor may a family member of a statutory tenant, who has access to the latter’s apartment, but who is not an established member of the statutory tenant’s family living unit, utilize such mere access to the apartment as a means by which to succeed to the tenancy upon the death of the statutory tenant.
In determining whether a family member’s occupancy with a statutory tenant is of sufficient continuity and permanence to entitle that family member to succeed to the tenancy of a departing or deceased statutory tenant, both the credibility of the would-be tenant and objective elements of cooccupancy are significant. The cumulative weight of evidence, rather than any single element, will be determinative in any given case.
It is from this perspective that we view the appeal before us. The landlord’s managing agent, Mr. Cohen, testified that landlord had no knowledge of Eve Reider’s presence in her grandmother’s apartment until after the grandmother’s death. Mr. Cohen testified that in mid-October, after having learned from the superintendent and neighbors that Verne Reider had passed away, he received a call from Eve Reider informing him for the first time that she had been living in the apartment for several months and was taking it over.
*43 Eve Reider testified that she moved into her grandmother’s apartment on a full-time and permanent basis on May 1, 1982, and that from. May through September paid her grandmother $100 per month plus contributions for electricity and food. She acknowledged, however, that under lease commencing October 1, 1981 and terminating September 30, 1982, she rented and fully furnished an apartment of her own at 84-50 Fleet Court, Rego Park, New York, at a rental of $350 per month. Ms. Reider stated that she sublet the Rego Park apartment from May to September, 1982, for $250 per month, to a personal friend, Jill Kramer, and her friend Ms. Kramer testified to the same effect. There is, however, no written evidence of such a subletting, and Ms. Reider, claiming that all payments made to her grandmother and received from Ms. Kramer were’ in cash, could produce no documentation of the alleged payments.
Eve Reider acknowledged that all her furniture remained in the Rego Park apartment, that her telephone remained in operation in her own name in that apartment, that she did not advise her bank of a change of address, that she did not change her mailing address and, indeed, that she “left everything” in the Rego Park apartment. Not only is Eve Reider’s claim that she permanently left her own fully furnished apartment to sleep in the living room of her grandmother’s one-bedroom apartment difficult to believe on its face, that claim is contradicted by the objective evidence of her continued residence at the Rego Park apartment.
In conspicuous counterpoint to the evidence of Ms. Reid-er’s continued residence in Rego Park is the absence of any objective proof of her claimed residence with her grandmother. In that regard Ms. Reider admitted that she did not add her name to her grandmother’s mailbox, admitted that she did not tell the doorman of 162 West 54th Street that she had moved into her grandmother’s apartment and admitted that she did not notify either the landlord or the managing agent that she had moved into the apartment. Indeed, the only persons Ms. Reider acknowledges having told of her alleged new residence with her grandmother were the now deceased grandmother, Verne Reider, and *44 her grandfather, Verne Reider’s ex-husband, who lived elsewhere.
While the court below credited the testimony of Eve Reider concerning the circumstances of her occupancy of Verne Reider’s apartment, we find, as a matter of law, that Ms. Reider failed to establish a permanence and primacy of residence with her grandmother sufficient to afford her protection of subdivision d of section 56 of the New York City Rent and Eviction Regulations, Ms. Reider’s continued indicia of residence at the Rego Park address, the comparatively short period and tenuous nature of the alleged residence with her grandmother (i.e., five months, May through September) and the clandestine character of her entry into her grandmother’s apartment hardly bespeak a permanent and fully integrated tenancy with her grandmother prior to the latter’s death. Under these circumstances, Eve Reider is not entitled to remain in occupancy pursuant to subdivision d of section 56 and judgment of possession should have been awarded in favor of the landlord.
Sullivan, J. P., Sandifer and Parness, JJ., concur.