OPINION OF THE COURT
Jose Ramos-Lopez, J.
Motion by petitioner and cross motion by respondents, both for summary judgment, are consolidated for decision as follows:
The late Susan K. Deri, a rent-stabilized tenant, died on February 16,1983. Her latest lease extension agreement expires on September 30,1985. The executor of the deceased, who is also the son of the deceased, sought, by a letter dated May 16, 1983, to assign the balance of the leasehold to himself. Petitioner, by letter dated May 25, 1983, rejected the proposed assignment. Shortly after the rejection respondent executor moved into the premises which precipitated the instant holdover proceeding.
Respondents contend that the leasehold of the deceased became an asset of the estate upon the death of Susan Deri and, therefore, respondent executor had the right to assign the lease. *821 Respondent further expounds the argument that petitioner consented to the assignment by failing to give a reason for rejecting respondents’ request to assign, pursuant to Real Property Law (former) § 226-b, which has been amended by the Laws of 1983 (ch 403, § 37), and pursuant to Conrad v Third Sutton Realty Co (81 AD2d 50) and its progeny of cases.
Since the lease agreement is silent as to tenant’s right to sublet and assign, Real Property Law (former) § 226-b would be applicable if tenant is alive. However, tenant has died herein without exercising her right under section 226-b. The language of section 226-b is clear and unambiguous in that it applies to a living tenant. Therefore, this section is not applicable.
The ruling in Conrad v Third Sutton Realty Co. (supra), which also dealt with Real Property Law (former) § 226-b, would not be applicable in this case.
The amendments to Real Property Law § 226-b were not adopted to accommodate executors or legal representatives of deceased tenants in conducting the affairs of the estate. It was adopted to assist living tenants, who are in dire need of housing facilities, in alleviating the plight of housing shortages by allowing them to sublet their apartments when they have to leave their apartments for a long period of time but with the intent of returning before the expiration of their lease. (See, Wishod v Kibel, NYLJ, Feb. 22,1984, p 13, col 2.) We do not have this situation in this case.
Though the leasehold became part of the estate upon the death of decedent tenant, the right to sublet and assign does not pass onto the executor of the estate. The executor does not acquire the status of tenant and all statutory rights associated with such status. The executor can occupy the premises in issue only in the capacity of a representative until the expiration of the term of the lease. (Rosefan Constr. Corp. v Salazar, 114 Misc 2d 956; Wishod v Kibel, supra.)
It is the court’s finding that Real Property Law § 236 is applicable under the circumstances of this case. This section provides in pertinent part that if a landlord rejects a proposed assignment of a lease by the executor or legal representative of the deceased tenant, reasonably or unreasonably, the lease shall be deemed terminated and the estate shall be discharged from any further liability under the lease agreement.
Petitioner had timely rejected respondents’ proposed assignment by a letter dated May 25, 1983. The lease was therefore terminated pursuant to Real Property Law § 236.
*822 Respondent assignee did not reside with decedent tenant for any period of time in the premises in issue to acquire any possible possessory right to the apartment. (See, 829 Seventh Ave. Co. v Reider, 125 Misc 2d 39.) Respondent assignee concedes that he moved into the apartment subsequent to decedent’s death.
Accordingly, petitioner’s motion for summary judgment is granted and respondents’ cross motion is denied.