OPINION OF THE COURT
Per Curiam.
Judgment entered June 4, 1984 reversed, with $10 costs, petitioner’s motion for summary judgment denied, and appellant’s cross motion for summary judgment dismissing the petition is granted.
Appellant is the executor of the estate of a deceased rent-stabilized tenant. The tenant, who died on February 16, 1983, *27 was in possession of the subject premises under a lease which does not expire until September 30, 1985. In May 1983, appellant, as executor, gave notice to the landlord in writing of his intent to assign the apartment to himself. Landlord denied appellant’s request and advised that it would release the estate from the balance of the lease term in accordance with Real Property Law § 236. Upon learning that the executor had placed himself in possession, landlord commenced this holdover proceeding and obtained a summary judgment below. The court adjudged the lease agreement “terminated” and discharged the estate from further liability under it.
We agree with the Civil Court to the extent that it held Real Property Law § 236, entitled “Assignment of lease of a deceased tenant”, applicable to this fact pattern. We further agree that the landlord had the right, under the statute, to unreasonably withhold consent to the proposed assignment. However, in the situation at bar, where the estate does not wish to relinquish possession before the lease terminates by its terms, but wishes to continue to fulfill its leasehold obligations, the lease should not be deemed terminated. A lease for a term of years is not terminated by the death of the lessee prior to the expiration of the term; the lease passes as personal property to the estate which remains liable for payment of the rent (Schnee v Jonas Equities, 109 Misc 2d 221). An executor is justified in holding on to the premises in his representative capacity until the expiration of his decedent’s term and is under no duty to surrender possession prior thereto (Remford Corp. v Rosenfeld, 274 App Div 769). Real Property Law § 236 is not to the contrary. It is clear that the purpose of this provision is to benefit the deceased tenant’s estate, i.e., to release it from rental obligations following an unreasonable refusal of its request to assign (see, 1965 NY Legis Ann, at 357-358). Here, the estate has not asked to be released as a consequence of landlord’s refusal. It cannot be reasonably maintained that the estate risks losing the remainder of the leasehold interest to which it is otherwise entitled merely because its request to assign is not approved.
Inasmuch as landlord’s holdover proceeding against the estate is premature, the petition is dismissed.
Hughes, J. P., Sanbifer and Parness, JJ., concur.