■ JOSEPH H. WISHOD, as Executor of ROBERT ROLNIK, Deceased, Appellant, v HENRY KIBEL, Respondent.—In an action to recover damages for an alleged forcible and unlawful eviction by a landlord from residential premises, the plaintiff, the executor of the estate of Robert Rolnik, appeals from an order of the Supreme Court, Queens County (Leviss, J.), dated

March 28, 1984, which granted the defendant landlord's motion to dismiss the complaint on the grounds of the failure to state a cause of action and a defense based upon documentary evidence (CPLR 3211 [a] [1], [7]), and denied his cross motion to, *inter alia,* convert the motion to dismiss into one for summary judgment (CPLR 3211 [c]).

Order modified, on the law, by deleting from the first decretal paragraph all words following the words "cause of action" and substituting therefor the words "denied and it is further". As so modified, order affirmed, without costs or disbursements.

Until his death on July 21, 1982, Robert Rolnik, the appellant's decedent, occupied an apartment at 300 East 51st Street, New York, New York, under a lease with an August 31, 1984 expiration date. The lease provided that the premises were to be occupied only by the tenant and his immediate family; that neither the tenant nor his executor could assign or sublet the premises unless prior written consent was given by the landlord; and that upon breach of the preceding covenants or in the event that the premises were to become vacant or deserted, the landlord would have the right to terminate the lease.

On August 6, 1982, prior to issuance of letters testamentary, appellant, who was named executor in the will, sent the landlord a rent check for August and a letter informing him of Robert Rolnik's death and that appellant would "continue to pay the rent on the apartment which will be used by one of Mr. Rolnik's relatives, Barbara Rolnik". The landlord returned the check, and, by letter dated August 11, 1982, informed appellant that neither he nor any family members or beneficiaries of Robert Rolnik had any rights to the apartment, that the apartment locks had been changed, and that appellant should arrange to empty the apartment so that the landlord could rerent it. The landlord did not thereafter completely bar appellant or his representatives from access to the apartment, but appellant was required to contact the landlord's managing agent to get the apartment keys. By letter of counsel dated September 2, 1982, the landlord informed appellant that as the lease did not contemplate occupancy of the apartment by a relative of the deceased, the landlord deemed appellant's correspondence to be a request for consent to assign or sublet the lease to Barbara Rolnik, and that the landlord elected to terminate the lease pursuant to Real Property Law § 236; appellant was requested to have the apartment vacated by September 30, 1982. Barbara Rolnik

had begun to move her property into the apartment before the locks were changed. Appellant commenced this action by service of a summons and complaint on or about August 1, 1983. The complaint alleged causes of action for wrongful eviction and for forcible entry and detainer (RPAPL 853).

The landlord's motion to dismiss pursuant to CPLR 3211 (a) (1) and (7) was met with opposition and a cross motion, among other things, to consider the motion as one for summary judgment on the ground that there were no fact issues in the case. Special Term granted the motion to dismiss and denied the cross motion.

The statutory rights of an executor to assign or sublet the leasehold of a deceased tenant are specifically delineated in Real Property Law § 236 *(Rosefan Constr. Corp. v Salazar,* 114 Misc 2d 956) and we do not agree with the appellant's argument that he is entitled to the benefit of the more extensive rights granted to a "tenant" under Real Property Law § 226-b. Under Real Property Law § 236, an executor who desires to assign or sublet may request consent from the landlord. Once that request is received, the plain language of the statute indicates that the options are all with the landlord. The only requirement is that the landlord exercise those options within the time limits specified by the statute, or else its consent will be implied. "If the landlord terminates said lease or unreasonably refuses his consent, said lease shall be deemed terminated, and the estate of the deceased tenant and any other tenant thereunder shall be discharged from further liability thereunder as of the last day of the calendar month during which the landlord was required hereunder to exercise his option" (Real Property Law § 236). The statute also specifies that a request for consent be accompanied by the name and business and home addresses of the proposed assignee or sublessee, and that all communications under the statute be by registered or certified mail, return receipt requested. It is clear that these specifications are only intended to enable the landlord to decide whether a proposed assignee or sublessee is desirable or not, and to provide documentation of the fact and time of sending and receipt of communications under the statute.

Appellant argues that his own failure to comply with the statutory requirements vis-à-vis the request for consent before attempting to install his would-be subtenant should have the effect of nullifying the landlord's statutory right to terminate the lease after receipt of a request for consent. We have given extensive consideration to the appellant's letter informing the

landlord of his intent to have Barbara Rolnik occupy the apartment. We can find no other purpose to that letter except to tell the landlord that Barbara Rolnik was to be a subtenant of the plaintiff and under the terms of the statute and the lease the letter can only be deemed a request to sublet. Under the circumstances, the September 2, 1982 letter of the landlord's counsel was effective to terminate the lease. The lease provisions made it very clear that the landlord could not be compelled to accept any new occupant; thus, appellant's rights to the apartment were solely in his representative capacity *(see, Remford Corp. v Rosenfeld,* 274 App Div 769, 770). Since letters testamentary had not been issued as of the time of the exchange of letters, the appellant's power vis-à-vis the estate was only to "take such action as is necessary to preserve it" (EPTL 11-1.3).

Appellant's argument, that a landlord who refuses to consent to an assignment or sublet lacks the power to terminate the lease absent a specific request to do so from the executor, is without merit. The argument contradicts the plain statutory language of Real Property Law § 236 and the public policy propounded by it. We are not persuaded to the contrary by the reasoning in *Joint Props. Owners v Deri* (127 Misc 2d 26), and we decline to follow it on this point. However, the fact that the landlord had the power to terminate the lease and did so as of September 30, 1982 does not justify his action in changing the locks and impeding appellant's access to and use of the apartment for estate purposes prior to the termination date. Even if appellant was in fact attempting to install an assignee or subtenant without permission, the landlord was nonetheless required to comply with the default and reentry procedures mandated by section 17 of the lease and this he failed to do. Whether appellant suffered damages as a result of this interference with the leasehold is not something which can be determined on this appeal. Accordingly, it was error to dismiss the complaint. Lazer, J. P., O'Connor, Weinstein and Niehoff, JJ., concur.