JOINT PROPERTIES OWNERS, INC., Appellant, v PETER DERI, as
Executor of SUSAN K. DERI, Deceased, et al., Respondents.

First Department, January 23, 1986

### APPEARANCES OF COUNSEL

*Jeffrey R. Metz* of counsel *(Steven L. Schultz* with him on the brief; *Finkelstein, Borah, Schwartz, Altschuler & Goldstein, P. C.,* attorneys), for appellant.

*Marvin Siegfried* of counsel *(Hunt Bresky* and *Alvin I. Apfelberg* with him on the brief; *Brett, Apfelberg & Epstein,* attorneys), for respondents.

### OPINION OF THE COURT

SULLIVAN, J. P.

Susan K. Deri, the tenant of record of a rent-stabilized apartment at 235 West 72nd Street in Manhattan under a lease that was not to expire until September 30, 1985, died on February 16, 1983. A widow, she had lived alone. On May 16, 1983, her son, Peter Deri, as executor of her estate, wrote to the landlord's agent, seeking its written consent to an assignment of the subject apartment to himself pursuant to Real Property Law § 226-b. As is clear from his letter, the son was then residing at 320 West 87th Street.

By letter dated May 25, 1983, the agent's attorneys rejected the son's request, advising him that Real Property Law § 236, not § 226-b, applied, and that the landlord was prepared to release the estate from the balance of its lease obligations upon the surrender of the apartment; cautioning him that no one should be permitted to occupy the apartment as that would constitute a breach of a substantial obligation of the tenancy; and, notifying him that, pursuant to Real Property Law § 236, the landlord was electing to terminate the lease, effective June 30, 1983, or an earlier date on which the parties might agree. Despite the rejection of his request and the landlord's notification of its election to terminate the estate's leasehold interest, the son and his family took physical possession of the apartment shortly thereafter.

On September 15, 1983, the landlord served a notice of cure upon the son, as executor of his mother's estate, advising him that a violation of a substantial obligation of the tenancy had occurred because the estate had permitted the son of the deceased tenant to take possession. The son failed to cure and, after a notice had been served upon him, as executor, effectively terminating the tenancy as of October 13, 1983, the landlord commenced a holdover proceeding to recover possession of the apartment. The son, as executor of the tenant's estate, and individually, as undertenant, answered, asserting, *inter alia*, the affirmative defense that the landlord had unreasonably withheld its consent to the requested assignment of the lease under Real Property Law § 226-b. Thereafter, the landlord moved for a summary judgment award of possession. The son cross-moved for summary judgment dismissing the petition. Civil Court (126 Misc 2d 820) granted the landlord's motion and denied the cross motion, rejecting the son's argument that Real Property Law § 226-b applied and holding that Real Property Law § 236 was controlling. In applying section 236, the court found that the landlord had timely rejected the proposed assignment and that, therefore, the lease was terminated.

Appellate Term reversed the judgment and dismissed the petition (127 Misc 2d 26). Although expressly finding that Real Property Law § 236 was controlling and that, pursuant thereto, the landlord had the right unreasonably to withhold its consent to the proposed assignment, the court nevertheless deemed the landlord's holdover proceeding premature since the estate was not seeking to relinquish possession before the lease's expiration but, instead, was willing to continue to fulfill its leasehold obligations. Thus, Appellate Term concluded, the lease should not be deemed terminated. This court granted leave to appeal. We reverse and reinstate the Civil Court judgment.

It is of course true, as Appellate Term noted, that a lease for a term of years is not terminated by the lessee's death prior to the lease's expiration. *(Remford Corp. v Rosenfeld,* 274 App Div 769; *Schnee v Jonas Equities,* 109 Misc 2d 221 [App Term, 2d Dept]; 2 Rasch, New York Landlord and Tenant Summary Proceedings § 1016 [2d ed].) In such cases the leasehold interest passes as personal property to the estate (EPTL 13-1.1), which remains liable for the payment of rent. *(Schnee v Jonas Equities,* 109 Misc 2d, at p 222.) Thus, an executor has the right, until the expiration of the lease, to possession of the

demised premises in his capacity as representative of the deceased tenant's estate. *(Remford Corp. v Rosenfeld,* 274 App Div 769, *supra.)* Though the leasehold interest is part of the estate an executor does not, however, have the unrestricted right to sublet the premises or assign the lease. A residential lease is not a property right that devolves upon death to be passed from one generation to another. Subject to constitutional and statutory limitations, a landlord has a basic right to select those persons who will occupy the demised premises.

The right of the estate of a deceased tenant to assign or sublet is exclusively controlled by Real Property Law § 236,[1] which, as Appellate Term correctly noted, was intended to benefit the estate of a deceased tenant by relieving it of any further leasehold obligations if the landlord, upon a request to consent to an assignment or sublet, either terminates the lease or unreasonably refuses to consent. *(See,* 1965 NY Legis Ann, at 357-358.) Of course, if the landlord's refusal to consent is reasonable the lease continues in full force and effect and the estate remains liable for the deceased tenant's leasehold obligations. Thus, it is clear that the sole and exclusive remedy available to the estate of a deceased tenant for a landlord's unreasonable withholding of consent is a release from any further rental obligations. There is no authorization, statutory or otherwise, for the executor of an estate, upon a landlord's rejection of a request to assign, to occupy an apartment in his individual capacity.

---

1. "236. Assignment of lease of a deceased tenant

"Notwithstanding any contrary provision contained in any lease hereafter made which affects premises demised for residential use, or partly for residential and partly for professional use, the executor, administrator or legal representative of a deceased tenant under such a lease, may request the landlord thereunder to consent to the assignment of such a lease, or to the subletting of the premises demised thereby * * * If the landlord consents, said lease may be assigned in accordance with the request provided a written agreement by the assignee assuming the performance of the tenant's obligations under the lease is delivered to the landlord in form reasonably satisfactory to the landlord, or the premises may be sublet in accordance with the request, as the case may be, but the estate of the deceased tenant, and any other tenant thereunder, shall nevertheless remain liable for the performance of tenant's obligations under said lease. If the landlord terminates said lease or unreasonably refuses his consent, said *lease shall be deemed terminated, and the estate of the deceased tenant and any other tenant thereunder shall be discharged from further liability* thereunder as of the last day of the calendar month during which the landlord was required hereunder to exercise his option. If the landlord reasonably refuses his consent, said lease shall continue in full force and effect, subject to the right to make further requests for consent hereunder."

Certainly, when the landlord refused to consent to the proposed assignment and asserted its election to terminate the lease, the son, as executor, could have insisted, as Appellate Term found he did, on the estate's right to the continued possession of the apartment, subject, of course, to its fulfillment of the tenant's leasehold obligations. But he did not. Instead, acting in his individual capacity, he and his family took possession of the apartment. It was this unauthorized occupancy, virtually ignored by Appellate Term, upon which the notice to cure and holdover petition were premised. Thus, the case turns, not, as Appellate Term found, on whether the lease should be deemed terminated by the landlord's refusal to consent to the proposed assignment but, rather, on whether the occupancy of the apartment by the son and his family constitutes a violation of a substantial obligation of the tenancy.

An estate is clearly a legal entity separate and distinct from that of an executor acting in his individual capacity. As this court noted in *Remford Corp. v Rosenfeld* (274 App Div, at p 770), "While the executors were justified in holding on to the premises in their representative capacity until the expiration of the original term, this did not operate as an assignment or subletting in contravention of the specific terms of the lease. Whatever rights the executors acquired were solely in their representative capacity." Similarly, in the instant case, the son, in his individual capacity, was not entitled, without the landlord's consent, to occupy the apartment of the deceased tenant with his family. Furthermore, since he did not occupy the apartment contemporaneously with his mother, the tenant, prior to her death, he cannot, in his individual capacity, assert any possessory right to the apartment.[2] Since the son, as executor, has placed a stranger to the lease, i.e., himself individually and his family, in possession without the landlord's consent, as required by Real Property Law § 236, he has violated a substantial obligation of tenancy, as a matter of law, and the landlord is entitled to a judgment of possession.

Although the lease extension agreement executed by the deceased tenant expired on September 30, 1985, this proceed-

2. In this regard, we take note of *Sullivan v Brevard Assoc.* (66 NY2d 489), where the court held that even a relative in contemporaneous occupancy with the tenant of record of a rent-stabilized apartment was not entitled to a renewal lease.

ing is not rendered moot since the son, still in occupancy,[3] is claiming entitlement to a renewal lease. He made this quite clear in his affidavit submitted to Civil Court on the cross motions for summary judgment. It was his intention, he stated, "to have all rights as a rent-stabilized tenant passed on to the executor, Peter Deri as an individual, to enable your deponent to reside in the premises as a rent-stabilized tenant." A family member who takes occupancy after the death of a tenant has no right to a renewal of the lease; only the tenant has such a right. (Tagert v 211 E. 70th St. Co., 63 NY2d 818.) As already noted, a leasehold interest is not a property right to be successively passed on to members of a family.

Accordingly, the order of the Appellate Term of the Supreme Court, First Department, entered February 1, 1985, reversing a judgment of the Civil Court, New York County (Jose Ramos-Lopez, J.), entered June 4, 1984, upon an order which granted petitioner's motion for summary judgment and denied respondent's cross motion for summary judgment, should be reversed, on the law, with costs and disbursements, and the judgment of the Civil Court reinstated.

Carro, Fein, Lynch and Rosenberger, JJ., concur.

Order, Appellate Term, Supreme Court, First Department, entered on February 1, 1985, unanimously reversed, on the law, and the judgment of the Civil Court reinstated. Appellant shall recover of respondents one bill of $75 costs and disbursements of this appeal.

---

3. We were so advised on oral argument, which took place subsequent to the lease's expiration.