■ RICHARD STARR, Respondent, v ROBERT HICKS et al., Defendants, and HEATHER SCALA, Appellant.—In an action, *inter alia,* for a judgment declaring that the defendant Heather Scala is not entitled to the protection of the Emergency Tenant Protection Act of 1974, as amended by Laws of 1983 (ch 403), the defendant Heather Scala appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated June 20, 1986, which (1) denied her motion for summary judgment dismissing the complaint as against her and in her favor on her counterclaims, (2) granted the plaintiff's cross motion for summary judgment on the complaint as against her and to dismiss her counterclaims, (3) declared that the rights afforded by the Emergency Tenant Protection Act of 1974, as amended, do not apply to the appellant, and (4) directed the appellant to pay use and occupancy charges to the plaintiff.

Ordered that the order is modified, on the law, by (1) deleting therefrom the provisions denying those branches of the appellant's motion which were for summary judgment dismissing the complaint as against her and on her counterclaim to compel the plaintiff to give the appellant a renewal lease, and granting those branches of the cross motion which were for summary judgment on the complaint and the counterclaim for an order directing the plaintiff to give the appellant a renewal lease, and substituting therefor provisions granting those branches of the motion and denying those

branches of the cross motion; and (2) deleting therefrom the provision declaring that the Emergency Tenant Protection Act of 1974, as amended, does not apply to the appellant and substituting therefor a provision declaring that the Emergency Tenant Protection Act of 1974, as amended, does apply to the appellant; as so modified, the order is affirmed, with costs to the appellant.

The defendant Heather Scala moved into the Brooklyn Heights apartment in question in December 1983. The building had been acquired by the City of New York in an in rem tax foreclosure proceeding prior to that time. The appellant and another person were issued a lease by the City of New York as landlord on a month-to-month basis. The building was redeemed in 1984 and later conveyed to the plaintiff. The appellant, who is now apparently the sole occupant of the apartment, has made many requests for a renewal lease to be issued to her in her name, but no lease has been given to her.

In 1985, the plaintiff commenced an action seeking, *inter alia,* a declaration that Heather Scala is not covered by the Emergency Tenant Protection Act of 1974, as amended by Laws of 1983 (ch 403) and is therefore not entitled to a renewal lease as of right. The appellant counterclaimed, requesting, *inter alia,* that the court compel the plaintiff to give her a lease.

The appellant moved for summary judgment, and the plaintiff cross-moved for the same relief. The Supreme Court found for the plaintiff. It based its decision on Administrative Code of City of New York § 26-507 (b) (formerly § YY51-3.3 [b]) which fixes the amount of rent under rent stabilization when a private owner buys property from the City of New York. Administrative Code § 26-507 establishes a basis upon which new base rents are to be fixed once the City of New York sells a building to a private owner. It does not establish a method to determine who is a tenant of record.

Case law has interpreted the meaning of "tenant" in the context of who is entitled to a renewal lease. In each case, however, the person requesting the lease had never signed a lease legally entitling him or her to the apartment. In *Sullivan v Brevard Assocs.* (66 NY2d 489) the Court of Appeals found that the sister of the leaseholder was not entitled to a renewal lease even when they had cohabited in the apartment. In *Two Assocs. v Brown* (127 AD2d 173, *appeal dismissed* 70 NY2d 792) a "gay life partner" who cohabited with the deceased tenant of record was held not to be entitled to a

renewal lease. And in *Joint Props. Owners v Deri* (113 AD2d 691) the son and executor of the deceased tenant was not entitled to a lease when it was found the son had never lived with his mother in the apartment previous to her death.

Here, the appellant became a tenant of record while the building was owned by the City of New York; a lease was issued in her name.

Since the appellant was a tenant of record, once a private landlord bought the building she became his tenant *(see, Matter of O'Donnell,* 240 NY 99) and she remained covered by rent stabilization. This coverage continued when he later sold the building to the plaintiff. She is entitled to a renewal lease under rent stabilization.

The appellant's counterclaims for damages must be dismissed. Such awards must be made, in the first instance, by the New York State Division of Housing and Community Renewal under Administrative Code § 26-516 (c) (2). The appellant has not sought relief from that body, and, therefore, we cannot grant this relief. Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.