OPINION OF THE COURT
Carl O. Callender, J.
The essential question in this case relates to the fundamental fairness extant in a holdover proceeding against a deceased tenant and the occupants of the apartment when the estate of the decedent has not been served or named as a party. In the present case the deceased tenant died in July 1990, and the petitioner sought the premises the following month. No mention was made in any of the papers about the fact that the tenant (Irene Austin) was deceased. Nor did the petitioner make any inquiry about the relationship between the present occupants and the deceased tenant. The petitioner also did not attempt to serve or name a representative of the deceased *474 tenant (executor, executrix, administrator, administatrix). Further, the petitioner failed to investigate to determine whether a representative of the decedent tenant’s estate had engaged in efforts to secure and maintain the decedent’s interest in the subject premises. Consequently, no representative of the deceased tenant was named or served in the instant proceeding.
The petitioner’s counsel argues that there is no need for further inquiry or action on the petitioner’s part, because those are matters for the present occupants to assert. Since they have failed to appear at the trial and assert those claims, why is the court concerned, counsel queries?
At the inquest, where the deceased tenant is named as a party, and no representative of the deceased is named or served, who else would be required to be concerned and to speak up, but the court. In addition to the deceased tenant, the occupants John and Jane Doe were served by conspicuous service.
This court believes that justice and due process require more than has been meted out in the instant case.
Based on the evidence adduced, this court makes the following determination:
After inquest, the petition is dismissed because the petitioner failed to name the estate of Irene Austin (who died in July 1990) when the notice of petition and the petition, as well as the notice to quit was served and filed in August and September 1990. It is evident that when this proceeding was commenced, the respondent Irene Austin was deceased. Yet at no time between July 1990 and December 1990 has the estate of the decedent been searched out or approached. It was only during the testimony that it was accidentally brought out that the respondent died in July 1990. None of the court papers mention that Irene Austin is deceased. Compare RPAPL 711 (2), that requires the petitioner to wait three months from the date of death before bringing a nonpayment proceeding. Even then, RPAPL 711 (2) requires that either the surviving spouse or one of the distributees be named if there has been no administrator or executor appointed. The failure to name the estate of Irene Austin certainly constitutes a failure to name a necessary party to the proceeding. (See, CPLR 3211 [a] [10].)
No evidence has been introduced that indicates that the decedent’s estate has been informed and has surrendered or abandoned its interest in the respondent’s unexpired leasehold *475 interest. (See, Joint Props. Owners v Deri, 113 AD2d 691.) A final judgment entered in this proceeding as the petitioner requests would necessarily affect the property rights of the estate without any notice being provided.
While it is argued that there was no lease, the petitioner’s evidence revealed that a two-year renewal lease had been offered to the respondent Ms. Austin, one or two months prior to her death. It is also evident that the premises are a multiple dwelling subject to the rent stabilization laws. It seems clear to this court that at the time of Ms. Austin’s death, she had a leasehold interest in the apartment which would be the property of her estate. Accordingly, the failure to name the estate as a necessary party is fatal to the petitioner’s case. Therefore the petition is dismissed. (See, Park Ave. Manhattan Assocs. v Carnegie, NYLJ, Mar. 23, 1990, at 21, col 2 [App Term, 1st Dept].)
[Portions of opinion omitted for purposes of publication.]