OPINION OF THE COURT
Judith J. Gische, J.
The unique issue before the court is whether service of process upon the Public Administrator is sufficient to confer personal jurisdiction over an estate: (a) which petitioner claims is worth less than $10,000, (b) where no probate proceeding has been initiated and (c) where no letters of administration have been issued. The Public Administrator has specially appeared in this proceeding to contest service of process upon it on behalf of the named estate respondent. Corespondent Rudolf Brown seeks dismissal of the entire proceeding based upon petitioner’s failure to serve a necessary party, to wit: the estate.
PROCEDURAL CONTEXT
Petitioner is a cooperative housing company organized under the Mitchell-Lama law. Pursuant to the rules and regulations governing such cooperative, on August 14, 1991 petitioner obtained a certificate of eviction from the Department of Housing Preservation and Development (HPD) authorizing petitioner "to immediately commence any legal proceedings deemed appropriate for the termination of a tenancy” against both "Laura Brown, Tenant (deceased) [and] Rudolf Brown, Occupant.” The certificate of eviction mentions in part that corespondent Rudolf Brown, who also appeared as a respondent in the administrative proceeding, submitted to the administrative tribunal a will purportedly made by Laura Brown in which Ms. Brown’s daughter and Rudolf Brown are named as the sole beneficiaries. The administrative tribunal *616 rejected Mr. Brown’s argument that as his mother’s beneficiary he was entitled to live in the apartment.
It is uncontested that the aforementioned will was never admitted to probate and that otherwise no estate representative, either permanent or temporary, was ever appointed by the Surrogate’s Court.
Petitioner thereafter commenced this summary dispossess-holdover proceeding. Service upon the estate of Laura Brown was made by service upon the Public Administrator.
DISCUSSION
In serving process on the Public Administrator to effect personal jurisdiction over the estate petitioner relies upon SCPA 1115 which provides in pertinent part: "1. Without the issuance of letters the public administrator by virtue of his office shall have all the powers of a fiduciary of a decedent’s estate whenever the gross assets of the estate do not exceed in value $10,000.”
The Public Administrator argues that such provision merely gives the Public Administrator the discretion to act as a fiduciary if he so chooses. He further argues that in circumstances like those at bar the Public Administrator chooses not to accept service of process based upon sound policy considerations. Such considerations include that: (1) such service is made without a prior showing of an actual estate (no death certificate has been presented to any court); (2) there may in fact be a will (the case apparently at bar); (3) other interested parties who may be entitled to act or otherwise may have an interest in the estate have not been given notice or a prior opportunity to be heard; and (4) there is no confirmation by someone with personal knowledge that the estate is indeed less than $10,000. The Public Administrator argues that SCPA 1115 was not intended to create a substitute method of service upon small estates like, for example, service upon the Secretary of State confers jurisdiction over corporations. Indeed permitting service of process on small estates in such a manner is not reasonably calculated to achieve actual notice to those persons who may have an interest in the estate and/ or the underlying proceeding.
Petitioner argues that the statute should be literally construed. Relying upon Matter of Pia (21 Misc 2d 464 [Sur Ct, NY County 1959]) petitioner argues that the Public Adminis *617 trator has no discretion to renounce appointment as an estate fiduciary.
SCPA 1115 however cannot be interpreted in a vacuum. It must be viewed in accordance with the other provisions of the SCPA relating to fiduciaries acting in estates under $10,000. The $10,000 limitation contained in the statute was clearly intended to make SCPA 1115 compatible with the small estate administration provisions contained in SCPA article 13. (2A Warren’s Heaton Surrogates’ Courts § 25.02 [9].) Indeed the legislative history reflects that SCPA 1115 was previously amended every time the dollar amount of SCPA article 13 was increased (see, L 1977, ch 221; L 1982, ch 519).
Article 13 does not confer authority upon the Public Administrator to act as the fiduciary in each and every estate for which the value of the gross estate is under $10,000. Instead SCPA 1303 (a) sets forth a list in order of priority of persons who may serve as a voluntary administrator. The list is different depending upon whether decedent dies leaving a will (apparently as here) or intestate. The Public Administrator’s right to act in a small estate comes only after a long list of other eligible candidates, which may include a named executor or executrix, beneficiary, fiduciary of a beneficiary, and/or family members. Accordingly SCPA 1115 was only intended to give the Public Administrator the powers of a fiduciary in those small estates in which the Public Administrator is otherwise eligible to serve under SCPA 1303.
Such interpretation of SCPA 1115 is consistent with the SCPA provisions relating to the powers of a Public Administrator in estates over $10,000. Thus SCPA 1118 and 1123 which set forth the general powers of the Public Administrator both before and after the issuance of letters have no application unless the Public Administrator is otherwise qualified to be the fiduciary under SCPA 1001 (8) (a).
There has been no showing at bar that the Public Administrator is otherwise the appropriate fiduciary to serve as a representative of this corespondent estate. This is not merely an academic concern on the part of the court or the Public Administrator. The HPD certificate of eviction informs us that in this very case there is a will as well as a daughter of decedent. If this court were to permit petitioner, essentially a stranger to the estate, to compel the Public Administrator to serve as a fiduciary and accept service of process simply because petitioner elected to serve the Public Administrator, *618 there could be no guarantee that the Public Administrator was otherwise the appropriate fiduciary within the intention of SCPA 1303 (a). Moreover, it is unclear on what basis petitioner claims the estate is actually less than $10,000.
Petitioner argues that once service is made it is for the Public Administrator to investigate and determine whether it is the appropriate fiduciary under the statute. This puts the proverbial cart before the horse. SCPA 1115 powers can only be effective if the Public Administrator is in the first instance the proper fiduciary under SCPA article 13.
Accordingly the court finds that SCPA 1115 does not permit a petitioner to designate the Public Administrator to accept service on behalf of the estate in the circumstances at bar.
Such interpretation of SCPA 1115 does not run afoul of the general principle stated in Matter of Pia (supra) that a Public Administrator cannot renounce an appointment. Here it is the failure to determine initial eligibility to serve which prevents SCPA 1115 from coming into play. Significantly the leading treatise Warren’s Heaton on Surrogates’ Court (2A Warren’s Heaton Surrogates’ Courts § 25.02 [9]) recognizes that SCPA 1115 gives the Public Administrator discretion to act in small estates, in distinction to such provision being a mandate for action by the Public Administrator.
The proper procedure here would be for the petitioner to first petition the Surrogate’s Court to have the Public Administrator appointed. (SCPA 1123 [2] [j].) While as petitioner points out this procedure is more time consuming and expensive, it does ensure that due process will be satisfied and that the Public Administrator will be acting only within his statutory authority.
Accordingly the Public Administrator’s motion to dismiss the petition as against the estate is granted. (See also, Joint Props. Owners v Deri, 113 AD2d 691 [1st Dept 1986]; 100 W. 72nd St. Assocs. v Murphy, 144 Misc 2d 1036 [Civ Ct, NY County 1989].)
Having determined that the estate was not properly served and is not before the court, the court must next consider whether this proceeding may go forward against Rudolf Brown alone.
CPLR 1001 sets forth the standard for determining when parties are deemed "necessary” so that failure to join such parties results in a dismissal of the underlying proceeding. It provides in pertinent part: "Persons who ought to be parties if *619 complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants.”
Clearly the CPLR provisions relating to necessary parties have long been considered to have application in summary proceedings. (November Realty Corp. v McComb, 279 App Div 735 [1st Dept 1951]; Matter of Panzica v Cimino, 21 Misc 2d 1076 [Westchester County Ct 1959]; Stephen Estates v Kaplan, 198 Misc 948 [Mun Ct].)
In determining whether the estate would be inequitably affected by a judgment and therefore a necessary party to the proceeding, the courts have looked to whether the estate has succeeded to the decedent’s interest in the real property. Where for instance there is an unexpired lease, the courts have held that the estate (as opposed to any individual) retains the right to remain in possession until the expiration of the lease. (Joint Props. Owners v Deri, supra; 100 W. 72nd St. Assocs. v Murphy, supra.) As the Appellate Division in Joint Props. Owners reasoned: "a lease for a term of years is not terminated by the lessee’s death prior to the lease’s expiration * * * In such cases the leasehold interest passes as personal property to the estate * * * which remains liable for the payment of rent * * * Thus, an executor has the right, until the expiration of the lease, to possession of the demised premises in his capacity as representative of the deceased tenant’s estate.”
Where however the right to possession remains personal with the decedent, the estate acquires no rights. Thus, for example, in the context of rent control the courts have held that an estate need not be substituted in an ongoing proceeding for a deceased rent control tenant. (Rose Realty Co. v Goodman, NYLJ, Oct. 14, 1992, at 27, col 4 [Civ Ct, Kings County, Worth, J.].)
Here the premises are neither rent controlled nor rent stabilized. They are a cooperative organized under the Mitchell-Lama law. While no lease was actually produced for the court, it is clear that the organization of a cooperative housing corporation involves the issuance of a proprietary lease to the cooperative owner, here the decedent. Moreover clearly the HPD in authorizing the petitioner to commence this proceeding as against the estate and Rudolf Brown in order to terminate such tenancies implicitly recognized that the estate’s rights could (in the absence of a surrender by an *620 appropriate personal representative) only be terminated in a summary proceeding. The estate therefore is a necessary party to this proceeding.
In view of the foregoing (1) the Public Administrator’s motion to dismiss the proceeding as against the estate is granted and (2) respondent Rudolf Brown’s motion to dismiss the proceeding for failure to join a necessary party is granted.