OPINION OF THE COURT
Peter Tom, J.
The instant motion raises an interesting issue involving the situation where a tenant dies intestate with no personal representative appointed on behalf of the estate and the deceased tenant is a necessary party in the summary proceeding.
This situation has been a recurring problem in the Housing Court which this court shall address since research on this issue discloses no case precedent on point.
The petitioner landlord brings this summary eviction proceeding against the brother of the deceased tenant upon the *1038 allegation that the decedent’s brother took possession of the rent-stabilized apartment as a licensee and upon the death of the tenant the license expired. The parties in this proceeding concede that the tenant of record has died and that the term of the current lease for the subject premises has not expired. Petitioner alleges that respondent took possession of the premises while the deceased tenant lived and died in California.
Respondent moves, in this motion, for an order dismissing the petition on the grounds that the deceased tenant of record or his personal representative is not named as a party respondent in the proceeding and based on other jurisdictional defects in the petition. Respondent asserts that the estate of the deceased tenant is a necessary party in the proceeding.
Petitioner did not name the estate as a respondent because a personal representative for the decedent’s estate has not yet been appointed, and that petitioner only seeks possession of the premises from respondent.
A license is a personal, revocable and nonassignable privilege to do one or more acts upon land without possessing any estate or interests therein. (Todd v Krolick, 96 AD2d 695; 1 Rasch, New York Landlord and Tenant — Summary Proceedings § 71, at 95 [2d ed].)
RPAPL 713 (7) permits a summary eviction proceeding to be brought against a licensee.
RPAPL 713 (7) provides that a special proceeding may be maintained upon the following grounds: "He is a licensee of the person entitled to possession of the property at the time of the license, and (a) his license has expired, or (b) his license has been revoked by the licensor, or (c) the licensor is no longer entitled to possession of the property; provided, however, that a mortgagee or lendee in possession shall not be deemed to be a licensee within the meaning of this subdivision.”
RPAPL 721 (7) sets forth the party who may maintain a summary proceeding against a licensee.
RPAPL 721 (7) provides that the proceeding to remove a licensee from real property may be brought by, "The person entitled to possession of the property occupied by a licensee who may be dispossessed.”
The party entitled to possession of the subject premises in this case is not the landlord but the estate of the deceased tenant.
A lease for a term of years which has not expired is not *1039 terminated by the death of the lessee. (Remford Corp. v Rosenfeld, 274 App Div 769; 2 Rasch, New York Landlord and Tenant — Summary Proceedings § 1016, at 462 [2d ed].) Upon the death of the tenant the leasehold interest of the decedent becomes personal property of the estate. (EPTL 13-1.1; 2 Rasch, New York Landlord and Tenant — Summary Proceedings § 1016, at 462 [2d ed]; Putch v Jacard Realty Co., 44 Misc 2d 177.) The deceased tenant is substituted by the estate as a party to the lease which remains liable for the rent until the expiration of the lease or upon such time as the landlord releases the decedent’s estate from the leasehold obligations, whichever comes first. (Schnee v Jonas Equities, 109 Misc 2d. 221; Real Property Law § 236.) The executor of the estate has the right to remain in possession of the premises only in his capacity as a representative of the estate until the expiration of the lease term to wind up the business and affairs of the estate. (Joint Props. Owners v Deri, 113 AD2d 691; Lomnitz v 61 E. 86th St. Equities Group, 129 Misc 2d 157.)
In the instant case the unexpired leasehold interest of the subject stabilized apartment passes to the estate of the deceased tenant as his personal property. The estate is the party which is entitled to possession of the premises and is the proper party pursuant to RPAPL 721 (7) to bring a summary eviction proceeding to remove a licensee from the premises. (Young v Carruth, 89 AD2d 466; Benenson Inv. Co. v Ortiz, NYLJ, June 19, 1989, at 29, col 6.)
The landlord may not elect to evict a licensee from real property pursuant to RPAPL 713 (7) without first having legally recovered possession of the premises from the licensor or licensor’s estate as the party who is entitled to possession of the property occupied by a licensee. Petitioner has no standing to bring a summary eviction proceeding against respondent pursuant to RPAPL 713 (7) in this case.
Petitioner may commence the instant licensee summary proceeding against respondent if it had legally recovered possession of the apartment from the estate of the deceased tenant or the estate has relinquished all rights of the leasehold to the petitioner. We do not have such a situation in this case.
The death of a party terminates or revokes a license due to the personal nature of the privilege, and the right of the licensee to occupy the real property pursuant to the license ceases upon the death of the licensor. (49 NY Jur 2d, Ease *1040 ments, § 223, at 352.) Real Property Law § 235-f provides that no occupant, without written consent of the landlord, acquires any right to continue occupancy in the event the tenant vacates the premises or acquires any other rights of tenancy. A licensee is an occupant under Real Property Law § 235-f. (1420 York Ave. Assocs. v Carey, NYLJ, June 6, 1985, at 7, col 3 [App Term, 1st Dept].)
Since the right of the licensee to occupy the premises expires upon the death of the licensor, the proper proceeding for petitioner to commence in this case is an action against the estate of the deceased tenant through a personal representative for permitting an illegal occupant to occupy the premises.
As to petitioner’s argument that it did not name the estate as a party respondent in this proceeding because no personal representative has been appointed on behalf of the estate, petitioner is advised that it may petition the Surrogate’s Court to have the Public Administrator appointed as the personal representative of the estate of the deceased tenant pursuant to SCPA 1001 (8) and 1002.
A party cannot bring a legal action or proceeding against a dead person without naming the estate through a personal representative nor can a party enter a personal judgment against a decedent. (Park Ten Assocs. v Rudell, NYLJ, Dec. 11, 1981, at 6, col 1 [App Term, 1st Dept]; see, CPLR 1015 [a].)
The estate of the deceased represents all of the property of the decedent. An estate is not a legal entity and any action for or against the estate must be by or against the executor or administrator in his or her representative capacity. (Gerzof v Glick, NYLJ, Sept. 9, 1980, at 12, col 3 [App Term, 9th & 10th Judicial Dists]; EPTL 1-2.6, 11-3.1; SCPA 103 [19]; 31 Am Jur 2d, Executors and Administrators, § 713.)
The law recognizes the fact that if no letters of administration have been issued to the estate of an intestate, a creditor or a person interested in an action or proceeding against the estate will find themselves in an awkward position of having no one upon whom to serve process or notice of claim. (Estate of Maack, NYLJ, Apr. 6, 1987, at 20, col 1.)
SCPA 1001 (8) provides that where no letters of administration have been granted to the distributees of an intestate as set forth in SCPA 1001 (1) to (7) then letters of administration shall be granted in the following order:
"a) to the public administrator, or the chief fiscal officer of the county, or
*1041 "b) to the petitioner, in the discretion of the court,
"c) to any other person or persons.”
The public administrator was created as a competent public official to take charge and administer an estate where there is no distributee entitled to act or no letters of administration have been issued to a distributee pursuant to SCPA 1001 (1) to (7). It was contemplated that the Public Administrator would be better to administer the estate of the decedent than by a creditor who would inherently be interested only in his or her claim. (41 NY Jur 2d, Decedents’ Estates, § 1775, at 304.)
SCPA 1002 (1) sets forth the persons entitled to petition for appointment of an administrator to include, "creditor or a person interested in an action brought or about to be brought in which the intestate or the person alleged to be deceased, if living, would be a proper party”.
Petitioner, in this case, is both a creditor and a person interested in an action or proceeding about to be brought against the deceased tenant. Therefore, petitioner can petition the Surrogate’s Court to have the Public Administrator appointed as the personal representative of the estate of the deceased tenant. Since respondent is a distributee of the estate, he must be served with process of the application for letters of administration pursuant to SCPA 1003.
Once a personal representative for the estate has been appointed, in this rather simple procedure, pursuant to SCPA 1001 (8), petitioner may institute a summary proceeding against the estate of the deceased tenant by proper service of process upon the personal representative.
Respondent also argues that the petition is jurisdiction-ally defective since it failed to set forth that petitioner served a notice of termination upon respondent before the commencement of this proceeding pursuant to Rent Stabilization Code (9 NYCRR) § 2524.2, and that it failed to allege the rent control or rent-stabilized nature of the premises. The court finds respondent’s contention to be without merit.
The relationship between a licensee and licensor is separate and distinct from the landlord-tenant relationship. A proceeding against a licensee is brought under RPAPL 713 and not under RPAPL 711 which provides for grounds for eviction where a landlord-tenant relationship exists. The proceeding brought under RPAPL 713 which is based upon grounds for eviction where no landlord-tenant relationship exists does not require an allegation in the petition of the statutory control or *1042 stabilized status of the premises sought to be recovered. (lcan Realty Co. v Schenault, NYLJ, Nov. 19, 1979, at 7, col 5 [App Term, 1st Dept].)
Petitioner is not required to serve a termination notice upon respondent before the commencement of the licensee proceeding pursuant to Rent Stabilization Code § 2524.2. Section 2524.2 refers to an eviction proceeding against a tenant. A licensee is not a tenant and does not acquire the rights of a tenant by the mere granting of the license. Petitioner is only required to serve a 10-day notice to quit in the manner prescribed by RPAPL 713 to bring a summary eviction proceeding against a licensee.
Based on the foregoing, the court grants respondent’s motion and dismisses the petition for failure to state a cause of action.