OPINION OF THE COURT
Memorandum.
Order modified by providing that the petition is reinstated as against occupant Rudolph Brown and by remanding the matter to the court below for further proceedings, and as so modified, affirmed, without costs.
In this holdover proceeding, landlord, a Mitchell-Lama housing corporation, seeks to recover possession of an apartment after the tenant residing therein died. Tenant’s son has taken possession of the apartment and is claiming a right to occupancy thereof. Before commencing this proceeding, landlord obtained the required certificate of eviction from the Department of Housing Preservation and Development after an administrative hearing in which it was determined that tenant’s son had not lived with tenant in the apartment for two years and was not entitled to remain in possession. Landlord then commenced this proceeding by serving occupant and the Public Administrator. On pretrial motions, the court below dismissed the petition on the ground that tenant’s estate is a necessary party to the proceeding and that landlord’s service of process upon the Public Administrator was insufficient to obtain jurisdiction over the estate.
 In our view, it was not necessary for landlord to join tenant’s estate in order to maintain a proceeding to recover possession of the apartment. Tenant’s son is in sole possession of the apartment in his individual capacity and not as a representative of his mother’s estate. "A tenant not in possession is not a necessary or indispensable, although he is of course a proper, party” (Reichman v Crane, 3 Misc 2d 731, 733). Accordingly, the lower court’s order is modified by reinstating the petition as to occupant Rudolph Brown. We agree, however, with the trial court’s conclusion that landlord’s service of process upon the Public Administrator was wholly insufficient to obtain jurisdiction over tenant’s estate.
Kassoff, P. J., Scholnick and Patterson, JJ., concur.