■ PARI DULAC, Respondent, v ROBERT DABROWSKI, Appellant. [774 NYS2d 487]—

Order of the Appellate Term of the Supreme Court, First Department, entered on or about February 14, 2003, which reversed the order of the Civil Court, New York County (Bruce Scheckowitz, J.), entered May 14, 2001, and denied respondent tenant's motion to dismiss the petition and granted petitioner landlord's cross motion to restore the proceeding to the trial calendar, unanimously affirmed, without costs.

The Appellate Term correctly determined that its decision in *Stahl Broadway Co. v Haskins* (180 Misc 2d 705 [1999]) should not be followed. Federal courts have rejected *Stahl's* reasoning and have held that a bankruptcy discharge shields debtors from actions to collect the debt, but not from other remedies (*see cases cited infra*). Although a debtor's debt for rental arrears may be personally discharged in bankruptcy, the underlying debt is not extinguished. Hence, the discharge in bankruptcy is not the equivalent of payment and does not, under federal bankruptcy law, prevent a landlord from evicting a tenant by reason of nonpayment. The landlord may pursue any remedy to which it is entitled under state law for breach of the tenant's obligation to pay rent, except a remedy against the debtor personally to collect the money due (*see e.g. In re Dabrowski,* 257 BR 394 [SD NY 2001]; *United States v Alfano,* 34 F Supp 2d 827, 841 [ED NY 1999]; *In re Touloumis,* 170 BR 825 [SD NY 1994]; *In re Hepburn,* 27 BR 135 [ED NY 1983]).

Where, as here, the landlord is not responsible for the Division of Housing and Community Renewal's delay in determining that rent arrears existed, the landlord may not, based on the delay, be precluded from instituting a nonpayment proceeding to recover possession.

We have considered respondent's other arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe and Lerner, JJ. [*See* 2003 NY Slip Op 50581(U).]