■ CLAUDIA GROSSO et al., Appellants, v ESTATE OF IRA L. GERSHENSON et al., Respondents. [822 NYS2d 150]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winslow, J.), entered February 22, 2005, which granted the defendants' motion pursuant to CPLR 3211 (a) (3) and (7) to dismiss the complaint and denied her cross motion for leave to amend the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff could not bring an action against the decedent's estate since no executor or administrator had been appointed. "An estate is not a legal entity and any action for or against the estate must be by or against the executor or administrator in his or her representative capacity" (*100 W. 72nd St. Assoc. v Murphy,* 144 Misc 2d 1036, 1040 [1989]). Since no executor or administrator had been appointed for the decedent's estate, the Supreme Court properly dismissed the complaint insofar as asserted against the estate (*see Jordan v City of New York,* 23 AD3d 436 [2005]). Further, the defendant Deborah Radice could not be sued as executor of the estate since she had never been appointed executor.

The plaintiff's claim that there is a basis for in personam jurisdiction over the defendant Deborah Radice under the provisions of SCPA 210 (2) is without merit. SCPA 210 (2) is not applicable in this case because Radice did not receive or accept property paid or distributed from an estate (*see Matter of Roy,* 166 AD2d 146 [1991]).

The plaintiff's remaining contentions are without merit. Adams, J.P., Goldstein, Mastro and Lifson, JJ., concur.