OPINION OF THE COURT
Inez Hoyos, J.
In this summary proceeding for nonpayment of rent, petitioner Nick Poulakas seeks purported rent arrears from respondent “Edwin Ortiz, as Next of Kin to Ramona Ortiz.” Edwin Ortiz is the occupant of the rent-stabilized premises located at 601 Ocean Avenue, apartment 5C, Brooklyn, New York (premises), and is the son of the deceased rent-stabilized tenant, Ramona Ortiz. Respondent Edwin Ortiz initially filed an oral pro se answer raising, among other things, a claim that he has succession rights to the premises, and subsequently retained counsel.
Respondent now moves for summary judgment dismissing this proceeding, and, in the alternative, for an order granting respondent leave to file an amended answer. Respondent argues that this proceeding should be dismissed because there is no landlord-tenant relationship between petitioner and Edwin Ortiz in his individual capacity. Respondent claims that the landlord has refused to recognize him as a successor-in-interest to Ramona Ortiz’s rent-stabilized tenancy and that he has no contractual obligation to pay rent because the landlord has not provided him with a lease.
*719 Respondent also argues that this proceeding should be dismissed because no grounds exist to commence an action pursuant to RPAPL 711 (2) against “next of kin” or when a person is in possession of the premises.
Petitioner opposes respondent’s motion and makes a cross motion seeking leave to amend the pleadings to name Edwin Ortiz as “issue” of Ramona Ortiz and as an occupant of the premises. Petitioner asserts that, as “issue” or “next of kin” of the deceased tenant, Edwin Ortiz is a proper party to this proceeding pursuant to RPAPL 711 (2). Petitioner maintains that he has no obligation to offer a lease to Edwin Ortiz while there is a lease agreement between the landlord and Ramona Ortiz that is still in effect. Petitioner also asserts that RPAPL 711 (2) is applicable in this case because Edwin Ortiz was an occupant already “in possession” of the premises at the time of Ramona Ortiz’s death and did not “take possession” after his mother’s death. The court notes that petitioner has not opposed that branch of respondent’s motion seeking leave to amend his oral pro se answer.
The following facts are not in dispute: (1) that Ramona Ortiz was the rent-stabilized tenant-of-record; (2) that Ramona Ortiz’s lease with petitioner has not yet expired; (3) that Ramona Ortiz died more than three months prior to commencement of this proceeding; (4) that Ramona Ortiz died intestate and no person was appointed as administrator or executor of the estate; (5) that the rent demanded by petitioner is primarily for the periods prior to Ramona Ortiz’s death; and (6) that Edwin Ortiz occupies the premises and is the son of Ramona Ortiz.
The motion and cross motion are consolidated for disposition. The Law and Its Application
RPAPL 711 sets forth the grounds for maintaining a summary eviction proceeding where a landlord-tenant relationship exists. RPAPL 711 (2) specifically addresses a tenant’s default in the payment of rent. This section provides in relevant part that
“[w]here a tenant dies during the term of the lease and rent due has not been paid and no representative or person has taken possession of the premises and no administrator or executor has been appointed, the proceeding may be commenced after three months from the date of death of the tenant by joining the surviving spouse or if there is none, then one of the surviving issue or if there is none,
*720 then any one of the distributees.” (See RPAPL 711 [2].)
The language of the statute itself, its legislative history, and the case law involving RPAPL 711 (2) are silent as to the two essential questions raised by respondent’s motion and petitioner’s cross motion: (1) whether the estate of the deceased tenant is a necessary party to this nonpayment proceeding; and (2) whether the phrase “no representative or person has taken possession of the premises” means that a proceeding may be maintained under RPAPL 711 (2) only where there are no occupants in the premises.
It is well established that upon the death of the tenant-of-record, the lease does not terminate but becomes the personal property of the deceased tenant’s estate. (Joint Props. Owners v Deri, 113 AD2d 691 [1st Dept 1986]; Schnee v Jonas Equities, 109 Misc 2d 221 [App Term, 2d Dept 1981].) The executor, administrator, or other legal representative of the estate of the deceased tenant may remain in possession until the expiration of the current lease, but may not renew the lease. (Matter of Rubinstein v 160 W. End Owners Corp., 74 NY2d 443 [1989]; De Kovessey v Coronet Props. Co., 69 NY2d 448 [1987].) Generally, a landlord seeking to evict a person in possession of the premises after the death of the tenant-of-record should join the estate of the deceased tenant unless the lease has been terminated, cancelled, surrendered, or assigned. (Rosefan Constr. Corp. v Salazar, 114 Misc 2d 956 [Civ Ct, Queens County 1982]; 100 W. 72nd St. Assoc. v Murphy, 144 Misc 2d 1036 [Civ Ct, NY County 1989].)
The appellate authority of the First and Second Departments is divided on the issue of whether the estate of the deceased tenant is a necessary party to a holdover proceeding to recover possession of the premises when there is an unexpired lease between the landlord and the deceased tenant. (See BK-8B Partners, L.P. v Doe, 2007 NY Slip Op 32763[U] [Civ Ct, Kings County 2007].) The Appellate Division, First Department, has held that the estate of the deceased tenant-of-record is a necessary party to a licensee holdover proceeding brought while the lease was still in effect. (Westway Plaza Assoc. v Doe, 179 AD2d 408 [1st Dept 1992].) However, the Appellate Term, Second Department, has found that under similar circumstances, the estate is a proper party, but not a necessary party to a holdover proceeding. (Ryerson Towers v Estate of Brown, 160 Misc 2d 107 [App Term, 2d Dept 1994].) The Appellate Term, Second Department, held in pertinent part that
*721 “it was not necessary for landlord to join tenant’s estate in order to maintain a proceeding to recover possession of the apartment. Tenant’s son is in sole possession of the apartment in his individual capacity and not as a representative of his mother’s estate. ‘A tenant not in possession is not a necessary or indispensable, although he is of course a proper, party’ (Reichman v Crane, 3 Misc 2d 731, 733).” (Id. at 108.)
There is not any reported appellate case law in either the First or Second Department addressing the issue of whether the estate of the deceased tenant is a necessary party to a nonpayment proceeding.
Some lower courts have held that the estate of the deceased tenant is a necessary party to a summary eviction proceeding for nonpayment of rent. In East Harlem Pilot Block Bldg. 1 Hous. Dev. Fund Corp. v Serrano (153 Misc 2d 776 [Civ Ct, NY County 1992]), the court found that in order for a landlord to maintain a summary eviction proceeding for nonpayment of rent brought pursuant to RPAPL 711 (2), the landlord first must determine whether an estate representative has been appointed and must ascertain the existence and identity of any surviving spouse, children or distributees. The court also found that if no such representative or person exists, then the landlord must petition the Surrogate’s Court pursuant to SCPA 1001 (8) and 1002 to have the Public Administrator appointed as the personal representative of the decedent’s estate, prior to the commencement of a summary proceeding for nonpayment of rent against the estate, which must name the Public Administrator in his/her representative capacity as respondent. (Id. at 778-780; see also EPTL 11-3.1.) Ultimately, the court denied petitioner’s application for a default judgment of possession against a tenant who was deceased at the time the summary proceeding was commenced and held that petitioner could not avail himself of the relief afforded by RPAPL 711 (2) because petitioner had not yet determined whether an estate representative had been appointed, had not petitioned for the appointment of the Public Administrator, and had no information regarding survivors. (Id. at 778-780.)
Similarly, in Mandalay Leasing L.P. v Gibson (2003 NY Slip Op 50599[U] [Civ Ct, Queens County 2003]), the court vacated a stipulation of settlement and dismissed a nonpayment proceeding brought against the “next of Kin and/or distributee” *722 of the deceased tenant-of-record pursuant to RPAPL 711 (2).. The court specifically held that petitioner could not resort to naming a distributee because it had failed to demonstrate that no executor or administrator was appointed and that there was no surviving spouse or issue. (See Mandalay Leasing L.P. v Gibson, 2003 NY Slip Op 50599[U] [2003].)
The case at bar differs from the above-cited nonpayment cases in that petitioner has asserted and respondent, Edwin Ortiz, concedes that there is no administrator, executor or surviving spouse and that he is in fact the son (or “issue”) of the deceased tenant-of-record, Ramona Ortiz. It is also undisputed that the deceased tenant’s lease is still in effect and that petitioner waited the requisite three-month period before commencing this nonpayment proceeding. Accordingly, the court finds that petitioner has met the statutory standard and may avail himself of the relief afforded by RPAPL 711 (2). Furthermore, it is this court’s opinion that it would have been necessary to name the estate of the deceased tenant and sue the personal representative of the estate only if petitioner had not met the requirements of RPAPL 711 (2) (e.g., if the nonpayment proceeding had been commenced within the first three months of the tenant’s death).
The court also finds that it is a de minimis defect that petitioner named respondent as “Edwin Ortiz, as Next of Kin to Ramona Ortiz” rather than “Edwin Ortiz, as Issue of Ramona Ortiz” and “Edwin Ortiz, Individually as Occupant.” The Appellate Term, Second Department, has clearly held that “[o]rdinarily, a de minimis defect in a predicate notice or petition that does not confuse the tenants or hinder their defense is to be overlooked.” (Bosco v Merle, 24 Misc 3d 139[A], 2009 NY Slip Op 51630[U], *1 [App Term, 2d, 11th & 13th Jud Dists 2009], citing Oxford Towers Co., LLC v Leites, 41 AD3d 144 [1st Dept 2007] and Fa Wah Mgt, Inc. v Alvarrez, 18 Misc 3d 132[A], 2008 NY Slip Op 50086[U] [App Term, 2d & 11th Jud Dists 2008]; see also CPLR 3025 [c].) Here, it is not disputed that Edwin Ortiz is the son or “issue” of Ramona Ortiz, that he is the occupant of the subject premises, and that there is no person authorized to act on behalf of the estate of Ramona Ortiz in possession of the premises. As such, an amendment of the caption to reflect respondent as “Edwin Ortiz, as Issue of Ramona Ortiz” and “Edwin Ortiz, Individually as Occupant” would not create confusion or hinder the respondent’s defense. The court also notes that Edwin Ortiz filed his oral pro se answer in his *723 individual capacity and has not raised a defense based upon a purported lack of personal jurisdiction.
With respect to the second question raised by the parties regarding the meaning of the phrase “no representative or person has taken possession of the premises,” the court must examine the language of RPAPL 711 (2) and must be guided by the intent of the legislature.
When interpreting a statute, the words used by the legislature are to be given their usual and commonly understood meaning unless the statute plainly indicates that a different meaning was intended. (Matter of Duell v Condon, 84 NY2d 773, 780 [1995], citing Matter of SIN, Inc. v Department of Fin. of City of N.Y., 71 NY2d 616 [1988] and Price v Price, 69 NY2d 8 [1986].) The concurrent usage of the words “no representative or person has taken possession of the premises and no administrator or executor has been appointed” creates an ambiguity in RPAPL 711 (2), requiring this court to construe the statute in a manner which would further the legislative intent and purpose. It is fundamental that in “the interpretation of statutes, the spirit and purpose of the act and the objects to be accomplished must be considered. The legislative intent is the great and controlling principle.” (Price v Price, 69 NY2d 8, 14 [1986], quoting People v Ryan, 274 NY 149, 152 [1937] and citing Matter of Petterson v Daystrom Corp., 17 NY2d 32 [1966] [where the court found that a literal reading of the statute without regard to the purpose of the provision leads to an unjust result].)
The “deceased tenant” section of RPAPL 711 (2) is derived from section 1410 (7) of the former Civil Practice Act. Although there is a dearth of legislative history surrounding the enactment of Civil Practice Act § 1410 (7) in 1944, it is this court’s opinion that the “deceased tenant” section of RPAPL 711 (2) was passed by the legislature in order to provide landlords with a simpler remedy of regaining possession of their leased premises when the tenant dies intestate during the term of the lease, and to avoid the costly and time-consuming process of petitioning the Surrogate’s Court for the appointment of the Public Administrator and then suing the administrator. (See Letter to Honorable Charles D. Breitel, Counsel to the Governor, Mar. 22, 1944, Bill Jacket, L 1944, ch 742.)
After considering the full language of the “deceased tenant” section of RPAPL 711 (2) and the legislative intent and purpose of the statute, the court concludes that the words “no representative or person has taken possession of the premises *724 and no administrator or executor has been appointed” should be construed as meaning that there is no person either in possession of the premises on behalf of the estate or legally authorized to act on behalf of the estate. This interpretation is better aligned with the legislative purpose and intent of affording landlords a simpler remedy for recovering possession of an apartment for nonpayment of rent where there is a current leasehold interest held by the estate of the deceased tenant and where there is no legal representative in place who may act on behalf of the estate. The court finds that the legislature did not intend that the “deceased tenant” section of RPAPL 711 (2) be applied only in situations where the premises are vacant, as this would limit the remedial nature of the statute.
As a matter of dicta, this court notes that upon the termination, expiration or surrender of the estate’s leasehold interest, respondent may be able to assert his succession claim.* Respondent would become liable for the rent only once he has succeeded to the apartment, and is not personally liable for rent owed by the deceased tenant. (See Edelstein & Son, LLC v Levin, 8 Misc 3d 135[A], 2005 NY Slip Op 51190[U] [App Term, 1st Dept 2005]; see also 615 Nostrand Ave. Corp. v Roach, 15 Misc 3d 1 [App Term, 2d Dept 2006].) Given that there is no existing privity of contract between petitioner and Edwin Ortiz, petitioner therefore may not seek a monetary judgment against Edwin Ortiz, either individually or as “issue of Ramona Ortiz.” However, petitioner may seek a possessory judgment against Edwin Ortiz individually and as “issue of Ramona Ortiz” pursuant to RPAPL 711 (2). (See e.g. Dulac v Dabrowski, 4 AD3d 308 [1st Dept 2004] [the Appellate Division found that although the tenant’s debt was discharged in bankruptcy, the landlord could maintain a summary eviction proceeding for nonpayment of rent and could obtain a judgment that is solely possessory in nature based upon the tenant’s breach of its obligation to pay rent]; see also GDJ Realty Corp. v Joseph, 10 Misc 3d 139[A], 2005 NY Slip Op 52202[U] [App Term, 2d & 11th Jud Dists 2005].) This is in keeping with the long-standing concept that “[t]he primary purpose and intention of summary proceedings is the speedy and expeditious disposition of the issue as to the *725 right of the landlord to the immediate possession of his real property.” (Great Park Corp. v Goldberger, 41 Misc 2d 988, 989 [Civ Ct, NY County 1964]; see also 3 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 29:5, at 404 [4th ed].)
Based upon the foregoing reasons, the court denies that branch of respondent’s motion seeking dismissal of this proceeding. The court, however, grants the unopposed branch of respondent’s motion seeking leave to file an amended answer raising, among other things, a succession claim, and deems the proposed verified amended answer (attached to respondent’s motion as exhibit F) timely served and filed nunc pro tunc. The court also grants petitioner’s cross motion, and hereby permits amendment of the pleadings to name Edwin Ortiz as “issue” of Ramona Ortiz and as an occupant of the premises.

 There has been no allegation by respondent that he has petitioned the Surrogate’s Court to be appointed as administrator of his mother’s estate. Presumably, had respondent done so he would have been able to surrender the estate’s leasehold interest and then assert his succession claim in the appropriate forum.