OPINION OF THE COURT
Memorandum.
Ordered that the final judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition. Landlord commenced this holdover summary proceeding to recover possession of a rent-stabilized apartment on the ground that the tenant, the estate of Bella Fastman, had breached a substantial obligation of the tenancy by permitting the premises to be occupied by Jeffrey Fastman without landlord’s permission or consent. The petition alleged that the lease agreement between the former tenant of record, Bella Fastman, and landlord had been terminated pursuant to an attached notice to cure and notice of termination. In this proceeding, landlord names as respondents Jeffrey Fastman, individually, and Jeffrey Fastman as distributee of the estate of Bella Fastman, as respondents/tenants, and John Doe and Jane Doe, as undertenants, and the notice of petition and petition were served on Jeffrey Fastman, individually, and Jeffrey Fastman as distributee of the estate of Bella Fastman. Occupant Jeffrey Fastman, Bella Fastman’s son, appeared and asserted his right to succeed to the tenancy (see Rent Stabilization Code [9 NYCRR] § 2523.5 [b] [1]). After a nonjury trial, the Civil Court awarded possession to landlord.
*58 A lease for a term of years is not terminated by the tenant’s death prior to the lease’s expiration (Joint Props. Owners v Deri, 113 AD2d 691 [1986]). “Absent a surrender of possession by the tenant. . . , [a] lessor must obtain a judgment of possession against the lessee pursuant to RPAPL 711 and may not proceed directly against the undertenant, whether licensee, subtenant or occupant, pursuant to RPAPL 713” (170 W. 85th St. Tenants Assn. v Cruz, 173 AD2d 338, 339 [1991]; see also Valley Dream Hous. Co., Inc. v Lupo, 11 Misc 3d 130[A], 2006 NY Slip Op 50303[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]). In this case, there is no allegation that Bella Fastman or her estate had surrendered the premises. Therefore, landlord was required to terminate the tenancy of the estate of Bella Fastman and to bring this proceeding against the estate. “An estate is not a legal entity and any action for or against the estate must be by or against the executor or administrator in his or her representative capacity” (Grosso v Estate of Gershenson, 33 AD3d 587, 587 [2006] [internal quotation marks omitted]). Landlord did not name or serve the executor or administrator of the estate of Bella Fastman; rather, landlord named only Jeffrey Fastman individually and as distributee of the estate. A distributee is not the same as an executor or administrator of an estate, even if such person is the sole beneficiary of the estate (see Jackson v Kessner, 206 AD2d 123, 127 [1994] [“the distinction between an individual’s status as fiduciary of an estate and beneficiary cannot be disregarded”]).
We note that this court’s decision in Ryerson Towers v Estate of Brown (160 Misc 2d 107 [App Term, 2d Dept, 2d & 11th Jud Dists 1994]) involved Mitchell-Lama housing and a proceeding brought following the issuance of a certificate of eviction, arid is not applicable here.
Accordingly, the final judgment is reversed and the matter is remitted to the Civil Court for the entry of a final judgment dismissing the petition.
Pesce, P.J., Solomon and Elliot, JJ., concur.