Board of Directors for Kings Oak Terrace Coop. Apts. Inc. v Bersh (2024 NY Slip Op 51039(U))

[*1]

Board of Directors for Kings Oak Terrace Coop. Apts. Inc. v Bersh

2024 NY Slip Op 51039(U)

Decided on August 12, 2024

Civil Court Of The City Of New York, Kings County

Bacdayan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 12, 2024
Civil Court of the City of New York, Kings County

Board of Directors for Kings Oak Terrace Cooperative Apartments Inc., Petitioner,

against
William Bersh AKA Bershadsky; "John Doe"; "Jane Doe," Respondents.

LT-331710-23

Adam Kalish, Esq., for the petitioner
Brooklyn Legal Services (Humbert Wong, Esq.), for the respondent William Bershadsky

Karen May Bacdayan, J.

PROCEDURAL POSTURE, BACKGROUND, AND ARGUMENTS
This is a holdover licensee proceeding pursuant to Real Property Actions and Proceedings Law ("RPAPL") § 713 (7), commenced by the board of directors of a cooperative corporation against "William Bersh a/k/a/ Bershadsky" ("respondent") as the licensee of the subject premises "pursuant to an agreement with the previous shareholder." (NYSCEF Doc No. 1, petition ¶ 2.) The predicate ten-day notice to quit, dated September 21, 2023, directed respondent to vacate the subject premises by October 15, 2023, based on the claim that he was in possession of the premises as a licensee of Sara Bershadsky a/k/a Sara Bersh ("Sara Bersh"). (NYSCEF Doc No. 1 at 4, notice to quit.) Sara Bersh died in 2019, during the pendency of a nonpayment proceeding which petitioner commenced in 2018 under Index No. LT-067537-18/KI. Following her death, petitioner moved in the nonpayment proceeding to substitute respondent as the Voluntary Administrator for the Estate of Sara Bersh, which was granted on consent. (NYSCEF Doc No. 17, respondent's exhibit D, motion to substitute; NYSCEF Doc No. 15, respondent's exhibit A, stipulation consenting to substitution.)
Respondent, the son of Sara Bersh, has now filed a pre-answer motion to dismiss the proceeding pursuant to CPLR 3211 (a) (10), due to petitioner's failure to name a necessary party to the proceeding, to wit, either the estate of Sara Bersh or an estate representative. (NYSCEF Doc No. 11, notice of motion [sequence 1].) Respondent argues that petitioner knew respondent was the voluntary administrator of Sara Bersh's estate yet failed to name the estate or an estate representative as a party to this proceeding, and that "[s]ince the proprietary lease becomes the personal property of the estate upon the death of the shareholder, the eviction of any alleged licensee from the subject premises must include the estate of" Sara Bersh. (NYSCEF Doc No. [*2]12, respondent's attorney's affirmation ¶ 6; NYSCEF Doc No. 13, Bershadsky affidavit ¶ 5.) Respondent avers that he and his mother moved to the subject premises more than 30 years ago. (NYSCEF Doc No. 13, Bershadsky affidavit ¶ 2.) Attached to the motion is an "Occupancy Agreement," dated May 15, 1989, naming Joseph Bersh and Sara Bersh as members and shareholders of the cooperative, which appears to be fully executed.[FN1]
(NYSCEF Doc No. 16, respondent's exhibit C at 2-4, occupancy agreement.) Respondent contends the estate of Sara Bersh is a necessary party to the proceeding "because the party entitled to possession as against a licensee upon the death of a tenant is the decedent's estate, not the landlord," thus "the proprietary lease to the subject premises became the personal property of [Sara Bersh's] estate. If the [p]etitioner were to seek possession of the subject premises . . . the [p]etitioner must name and serve an estate representative, as a party to a proceeding." (NYSCEF Doc No. 12, respondent's attorney's affirmation ¶¶ 33-34.) By failing to name the estate or an estate representative, respondent argues the proceeding must be dismissed pursuant to CPLR 3211 (a) (10). (Id. ¶ 35.)
In opposition, petitioner concedes a tenant's lease becomes the personal property of the tenant's estate upon the tenant's death. (NYSCEF Doc No. 19, petitioner's attorney's affirmation ¶ 2.) Petitioner also notes that "[g]enerally, a landlord seeking to evict a person in possession of the premises after the death of the tenant-of-record should join the estate of the deceased tenant unless the lease has been terminated, cancelled, surrendered, or assigned." (Id.) Petitioner cites to a lower court proceeding in Kings County, BK-8B Partners, L.P. v Doe, 2007 NY Slip Op. 32763(U) (Civ Ct, Kings County 2007), in support of its argument that there is a split between the First and Second Departments as to whether an estate representative is a necessary party to a holdover proceeding, and cites to Ryerson Towers v Estate of Brown, 160 Misc 2d 107 (App Term, 2d Dept 1994) for its contention that an estate is a proper, but not necessary, party to a holdover proceeding. Petitioner also quotes from what it purports to be the occupancy agreement for the subject premises, previously filed by petitioner to NYSCEF on June 5, 2024, which states "if the member dies, the Corporation shall have the option to purchase the members share of common stock and occupancy agreement at an amount equal to par value, less any amounts due by the member to the Corp. The purchase by the Corporation of the Member's stock and Occupancy agreement will immediately terminate the Members rights hereunder " (Id. ¶ 6; NYSCEF Doc No. 8, occupancy agreement.) The document is unsigned and appears to be a template occupancy agreement. Petitioner's counsel does not address the occupancy agreement attached to respondent's moving papers, signed by Sara Bersh, which does not include any language regarding the cooperative's right to purchase a shareholder's stock and occupancy agreement upon the shareholder's death. Petitioner's counsel further asserts the estate's "interest was purchased by the Board upon her death," and that the cooperative board could therefore name only the respondent as a licensee without having to name the estate as a party. (NYSCEF Doc No. 19, petitioner's attorney's affirmation ¶ 7 [citing Rosefan Constr. Corp. v Salazar, 114 Misc 2d 956 [Civ Ct, Queens County 1982]; 100 W. 72nd St. Assoc. v Murphy, 144 Misc 2d [*3]1036 [Civ Ct, New York County 1989].) Petitioner does not provide an affidavit from someone with personal knowledge or any other documentary evidence to support this assertion, which is also absent in the predicate notice and petition.
Next, petitioner argues it could commence this licensee proceeding directly against respondent without having to name the estate under RPAPL § 711 (2).[FN2]
Lastly, petitioner contends respondent is in possession of the subject premises in his individual capacity and not as a representative of Sara Bersh's estate, having moved into the subject premises long before his mother's death, and that "since [his] mother's estate is solely a voluntary administratrix and no full letters have been administrated[,] it is not necessary for [p]etitioner to join the estate in order to maintain a proceeding to recover possession of the apartment," because Section 1306 of the Surrogate Court's Procedure Act ("SCPA") does not legally authorize respondent to act on behalf of his mother's estate. (NYSCEF Doc No. 19, petitioner's attorney's affirmation ¶¶ 8-16.)[FN3]

On reply, respondent notes that Ryerson involved a Mitchell-Lama cooperative apartment for which the Department of Housing Preservation and Development ("HPD") had previously issued a certificate of eviction after an administrative hearing which found the deceased tenant's son was not entitled to possession of the apartment. (NYSCEF Doc No. 20, respondent's attorney's reply affirmation ¶ 5.) Respondent also cites to subsequent case law that it argues limits the holding in Ryerson to Mitchell-Lama housing. (Id. ¶¶ 6-7.)
At oral argument on August 7, 2024, petitioner's counsel asserted that the subject cooperative building is "not a normal coop" but "almost like senior housing" where the shares are kept artificially low for seniors to be able to afford purchasing shares which cannot be sold in the private market. Counsel also asserted that a board meeting had taken place in September or October 2023, at which the board rejected a proposal to transfer the shares from the estate to respondent, and instead transferred the shares to itself in consideration for either the severance or waiver (counsel was not clear which) of air conditioner, legal, and late fees totaling between $12,000 and $15,000. Counsel also asserted that because the SCPA only authorizes a voluntary administrator to bring an action for up to $50,000 in monetary claims, and that this proceeding presents an "equitable issue," respondent could not be properly named as the representative of [*4]Sara Bersh's estate in this proceeding.
DISCUSSION
A necessary party is one who must be named in a proceeding in order for "complete relief to be accorded between the persons who are parties in the action . . . ." (CPLR 1001 [a].) Upon a tenant's death, the unexpired lease does not terminate but instead becomes the personal property of the tenant's estate. (De Christoforo v Shore Ridge Assoc., 116 AD2d 123, 126 [2d Dept 1986]; Westway Plaza Assoc. v Doe, 179 AD2d 408 [1st Dept 1992]; Joint Properties Owners, Inc. v Deri, 113 AD2d 691 [1st Dept 1986].) The estate retains particular rights and obligations for the remaining term of the lease, including payment of rent, De Christoforo, 116 AD2d at 126, quoting Schnee v Jonas Equities, Inc., 109 Misc 2d 221 (App Term, 2d Dept, 2d & 11th Jud Dists 1981); Deri, 113 AD2d at 693, and to bring a licensee proceeding, 100 W. 72nd St. Assoc. v Murphy, 144 Misc 2d 1036 (Civ Ct, NY County 1989); 1682-1700 Sterling Place Hous. Dev. Fund Corp. v Stewart, 2006 WL 6872287 (Civ Ct, Kings County 2006). Thus, when a deceased tenant's lease has not yet expired, a landlord must name an estate representative in a summary proceeding seeking possession of the apartment. (Grosso v Estate of Gershenson, 33 AD3d 587 [2d Dept 2006]; Westway Plaza Assocs, 179 AD2d at 409-410.) If a landlord believes the estate is violating a substantial obligation of the tenancy by permitting an unauthorized occupant to reside in the apartment (for example, the estate representative in their individual capacity), it may commence a holdover against the estate representative. (Deri, 113 AD2d at 695; 167 W. 80th St., LLC v Yoder, 30 Misc 3d 129[A], 2010 NY Slip Op. 52291[U], *1 [1st Dept 2010].) If there is no recognized representative for the estate, a landlord may petition to have an administrator appointed through Surrogate's Court. (Haladan Mgmt. Co. v Estate of Davies, 48 Misc 3d 1227[A], 2015 NY Slip Op. 51283[U] [Civ Ct, Kings County 2015], citing 100 W. Murphy, 144 Misc 2d at 1041 ["Petitioner can petition the Surrogates Court to have the public administrator appointed as the personal representative of the estate of the deceased tenant. . . . Once a personal representative for the estate has been appointed, in this rather simple procedure . . . [p]etitioner may institute a summary proceeding against the estate of the deceased tenant by proper service of process upon the personal representative."])
Here, petitioner's primary argument, that the holding in Ryerson means an estate is not a necessary party in a licensee holdover proceeding, is misplaced. Case law subsequent to Ryerson reveals its holding has been limited to the context of Mitchell-Lama housing. In Ryerson, prior to the commencement of the holdover proceeding, the landlord obtained a certificate of eviction against the deceased tenant's son following an administrative hearing at HPD, the agency that oversaw the subject Mitchell-Lama apartment, at which the agency found the son did not have any right of possession to the apartment. The Appellate Term, Second Department held the estate was not a necessary party because the "son is in sole possession of the apartment in his individual capacity and not as a representative of his mother's estate," and reinstated the petition. (Ryerson, 160 Misc 2d at 108.) Twelve years later, in Cadman Towers, Inc. v Barry, 31 Misc 3d 127(A), 2011 NY Slip Op 50452(U) (App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011), the Appellate Term, Second Department cited to Ryerson in holding that while the holdover petition for the Mitchell-Lama apartment should have been dismissed as to the administrator of the deceased tenant's estate for failure to serve the predicate notice, the estate was not a necessary party and the landlord could still maintain the proceeding against the other respondents. (Cadman Towers, Inc., 2011 NY Slip Op., *1.)
Three years later, though, in Visutton Assoc. v Fastman, 44 Misc 3d 56, 2014 NY Slip Op [*5]24165 (App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014), the Appellate Term, Second Department explicitly distinguished Ryerson as involving a Mitchell-Lama apartment where the petitioner had already obtained a certificate of eviction against the named respondent prior to commencing the holdover proceeding. In Fastman, the landlord commenced an illegal sublet holdover proceeding, naming an alleged illegal sublessee both individually and as a distributee of the deceased tenant's estate, but without naming an estate representative. Given that petitioner failed to allege the deceased tenant or her estate had ever surrendered possession of the rent stabilized apartment, the court held the landlord "must obtain a judgment of possession against the lessee pursuant to RPAPL 711 and may not proceed directly against the undertenant, whether licensee, subtenant or occupant, pursuant to RPAPL 713." (Fastman, 2014 NY Slip Op. 24164, *1 [internal citations and quotation marks omitted].) Other courts have also described the holdings in Ryerson and Cadman as specific to the context of Mitchell-Lama apartments. (Maybank v City of New York, 2020 NY Slip Op. 32594[U], *6 [Sup Ct, New York County 2020] [denying Article 78 petition after HPD decision denying succession rights and granting certificate of eviction, and lifting stay of pending holdover proceedings against Article 78 petitioners, citing to Ryerson and Cadman in noting that "[t]he Appellate Term for the Second Departments has repeatedly held that the estates of deceased tenants of Mitchell-Lama apartments are not necessary parties to any subsequent eviction proceedings that may be commenced against the remaining occupants of such apartments (whose continued occupancy depends on the viability of their claims to succession rights)."]; Renaissance Equity Holdings LLC v Doe, 2010 WL 7768851 [Civ Ct, Kings County 2010] ["Ryerson should be read narrowly as the landlord in that case was a Mitchell-Lama housing corporation and different procedures applied with regard to that holdover proceeding."])
Petitioner's counsel further asserts it did not have to name Sara Bersh's estate as a party because the board purchased the shares from the estate. Nowhere in the pleadings, however, does petitioner make any such allegation. Instead, petitioner's counsel relies on language in an unsigned occupancy agreement regarding the board's option to purchase a deceased member's shares. Petitioner does not address the fact that the occupancy agreement signed by Sara Bersh contained no such language, nor does petitioner provide any other occupancy agreement signed by Sara Bersh. Moreover, respondent avers in his sworn affidavit that he has "never received any payment or payment offer in [his] individual capacity, or as the administrator for the estate of [his mother], for [his] mother's shareholder's interest, and had "never received any written notification from the cooperative board to cancel [his] mother's shares, proprietary lease, or occupancy agreement." (NYSCEF Doc No. 21, Bershadsky affidavit ¶ 8.) Thus, counsel's assertions at oral argument that prior to commencing this proceeding, the shares were transferred to the board at a board meeting in September or October 2023 are not supported by the record and are bereft of any probative value. (See Tarzia v Brookhaven Nat. Laboratory, 247 AD2d 605, 606 [2d Dept 1998]; V.S. Medical Servs., P.C. v New York Cent. Mut. Ins., 20 Misc 3d 134[A], 2008 NY Slip Op. 51473[U], *1 [App Term, 2d Dept, 2d & 11th Jud Dists 2008].)
Moreover, neither of the two Housing Court proceedings from the 1980s cited to by petitioner, Rosefan Constr. Corp. v Salazar, 114 Misc 2d 956 (Civ Ct, Queens County 1982), and 100 W. 72nd St. Assoc. v Murphy, 144 Misc 2d 1036 (Civ Ct, NY County 1989), supports its assertion that petitioner could proceed directly against respondent without having to name the [*6]estate in the proceeding.[FN4]
First, petitioner's counsel conspicuously omits the holdings in both Salazar and Murphy: dismissal for failure to name the rent-stabilized deceased tenants' estates as necessary parties, where the proceedings were commenced prior to the expiration of the deceased tenants' respective lease terms.[FN5]
Second, both Salazar and Murphy dealt with rent-stabilized apartments, whereas the subject premises is a cooperative apartment to which Sara Bersh's estate has "a vested interest in the determination of entitlement to the corporate shares and the proprietary lease for" the apartment. (1682-1700 Sterling Place Hous. Dev. Fund Corp. v Stewart, 2006 WL 6872287 [Civ Ct, Kings County 2006].)
Lastly, the court finds petitioner's argument that respondent lacks legal authority to be sued as an estate representative for his mother's estate disingenuous. Petitioner raised the contrary argument in the 2018 nonpayment proceeding, where it moved to join respondent specifically in his capacity as the voluntary administrator of his mother's estate and SCPA 1306 in support, because a "voluntary administrator shall be deemed to be the fiduciary of the estate until another fiduciary is appointed," and a "voluntary administrator shall have the rights, powers and duties with respect to personal property of an administrator duly appointed for the estate." (NYSCEF Doc No. 17, respondent's exhibit D at ¶¶ 12-14.) If petitioner genuinely believes there is any issue in naming respondent as the estate representative, it may seek appropriate relief in Surrogate's Court.
CONCLUSION
Accordingly, it is hereby
ORDERED that for the forgoing reasons, respondent's motion is GRANTED, and the proceeding is hereby dismissed without prejudice.
This constitutes the Decision and Order of this Court.
DATED: August 12, 2024
Brooklyn, New York
Karen May Bacdayan, JHC

Footnotes

Footnote 1:Respondent's counsel states in his affirmation that petitioner has not provided a copy of the proprietary lease or occupancy agreement for the subject premises signed by Sara Bersh, but the occupancy agreement attached by respondent to its motion to dismiss appears to bear Sara Bersh's signature.

Footnote 2:The court finds respondent's analogy to RPAPL 711 (2) unpersuasive. Respondent correctly argues in its reply papers that RPAPL 711 (2) applies to nonpayment proceedings and is thus inapplicable to this licensee proceeding. Moreover, petitioner cites to a prior version of RPAPL 711 (2), which was amended by the Housing Stability and Tenant Protection Act of 2019.

Footnote 3:Respondent notes in its reply papers that petitioner moved to join respondent in his capacity as voluntary administrator of his mother's estate in the 2018 nonpayment proceeding. NYSCEF Doc No. 20, respondent's attorney's affirmation in reply ¶¶ 19-20. Indeed, in that motion, petitioner cited SCPA 1306 as support for joining respondent in his capacity as voluntary administrator, because a "voluntary administrator shall be deemed to be the fiduciary of the estate until another fiduciary is appointed," and a "voluntary administrator shall have the rights, powers and duties with respect to personal property of an administrator duly appointed for the estate." NYSCEF Doc No. 17, respondent's exhibit D ¶¶ 12-14. Now, though, petitioner argues SCPA 1306 does not give respondent any legal capacity to serve as his mother's estate representative.

Footnote 4:In Salazar, the court decided after trial that the lease had never been terminated, canceled, assigned, or transferred, thus the estate was a necessary party and the landlord's failure to serve or name the estate required dismissal. Salazar, 114 Misc 2d at 961-963. In Murphy, the court granted the respondent's motion to dismiss for failure to name a necessary party, holding that the deceased tenant's estate was the party entitled to recover possession in a licensee holdover proceeding. The court stated the landlord could bring a licensee holdover proceeding against the named respondent "if it had legally recovered possession of the apartment from the estate of the deceased tenant or the estate has relinquished all rights of the leasehold to the petitioner," or could bring a holdover proceeding against an estate representative "for permitting an illegal occupant to occupy the premises." Murphy, 144 Misc 2d at 1039-1040.

Footnote 5:In the context of a rent stabilized apartment, when the last lease in effect during the tenant's lifetime has expired, a deceased rent-stabilized tenant's estate has no right of occupancy to the apartment, as the estate's "possessory entitlements . . . are for 'winding-up purposes only' . . . ." Carnegie Mgmt. Co. v Oppenheimer, 2001 NY Slip Op. 50070(U) (App Term, 1st Dept 2001), quoting Rubinstein v 160 W. End Owners Corp., 74 NY2d 443 (1989); Jane St. Co. v Suttoni, NYLJ, July 26, 1996 at 21, col 3 (App Term, 1st Dept 1996).