Al-Rowmeim v Alazwear (2024 NY Slip Op 06020)

Al-Rowmeim v Alazwear

2024 NY Slip Op 06020

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-05253
 (Index No. 516365/20)

[*1]Adnan Al-Rowmeim, etc., et al., appellants, 
v
Sam Alazwear, et al., defendants-respondents; Estate of Abdulla Elazzwaer, etc., intervenor-respondent.

Hanna & Vlahakis, Brooklyn, NY (Mark Hanna of counsel), for appellants.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that a deed is null and void, the plaintiffs appeal from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated June 3, 2022. The order granted the motion of the Estate of Abdulla Elazzwaer for leave to intervene in the action and denied, as premature, the plaintiffs' cross-motion for summary judgment declaring that the deed is null and void and dismissing the defendants' counterclaim.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiffs, two sons of Hussein El-Rowmeim (hereinafter Hussein) and administrators of Hussein's estate, commenced this action, inter alia, for a judgment declaring that a recorded deed dated April 29, 2005 (hereinafter the 2005 deed), purportedly executed by Hussein, who died in 2004, is null and void and should be set aside as a fraudulent conveyance of real property. The defendants interposed an answer that asserted a counterclaim for the imposition of a constructive trust on the property for the benefit of the defendant Sam Alazwear. The defendants alleged, among other things, that the 2005 deed attempted to transfer a one-sixth interest in the property to Alazwear.
The Estate of Abdulla Elazzwaer, by Alazwear as administrator (hereinafter the Estate), moved for leave to intervene in the action as a defendant (see Grosso v Estate of Gershenson, 33 AD3d 587). According to Alazwear, who is the son of Elazzwaer, the plaintiffs were aware of the purchase by Elazzwaer of a one-sixth interest in the property from Hussein, the plaintiffs and Hussein's other children undertook to convey that one-sixth interest to Elazzwaer after Hussein's death, and Elazzwaer directed that Alazwear's name be placed on the 2005 deed to hold Elazzwaer's interest in the property for the benefit of his heirs. The Estate submitted, inter alia, affidavits from two individuals who averred that they witnessed Elazzwaer purchase a one-sixth interest in the property from Hussein in 1979, that Elazzwaer and Hussein signed an agreement memorializing the 1979 purchase in 1997, and that the individuals signed that agreement as witnesses. The Estate's proposed answer also asserted a counterclaim for the imposition of a constructive trust on the property.
The plaintiffs cross-moved for summary judgment declaring that the 2005 deed is null and void and dismissing the defendants' counterclaim.
In an order dated June 3, 2022, the Supreme Court granted the Estate's motion for leave to intervene in the action and denied the plaintiffs' cross-motion as premature. The plaintiffs appeal.
Pursuant to CPLR 1012(a)(3), "[u]pon timely motion, any person shall be permitted to intervene in any action . . . when the action involves the disposition or distribution of, or the title or a claim for damages for injury to, property and the person may be affected adversely by the judgment." "Additionally, the court, in its discretion, may permit a person to intervene, among other things, 'when the person's claim or defense and the main action have a common question of law or fact'" (Matter of Sclafani Petroleum, Inc., 173 AD3d 1042, 1043, quoting CPLR 1013). "Whether intervention is sought as a matter of right under CPLR 1012(a), or as a matter of discretion under CPLR 1013, is of little practical significance, since intervention should be permitted 'where the intervenor has a real and substantial interest in the outcome of the proceedings'" (Global Team Vernon, LLC v Vernon Realty Holding, LLC, 93 AD3d 819, 820, quoting Wells Fargo Bank, N.A v McLean, 70 AD3d 676, 677).
Here, the Supreme Court properly granted the Estate's motion for leave to intervene in the action, as it established that it may have an ownership interest in the property (see JP Morgan Chase Bank, N.A. v Kalpakis, 91 AD3d 722, 723; Greenpoint Sav. Bank v McMann Enters., 214 AD2d 647, 647-648). Contrary to the plaintiffs' contention, they failed to establish that the Estate has no interest in the property or that the Estate was barred by the doctrine of unclean hands. There are issues of fact, among other things, as to whether the making of the 2005 deed was unconscionable or made with fraudulent intent and whether the plaintiffs or Hussein were prejudiced or injured thereby (see Khurdayan v Kassir, 223 AD3d 590; Gardner v Wells Fargo Bank N.A., 219 AD3d 703, 706).
A motion for summary judgment may be denied as premature where it appears that the facts essential to oppose the motion exist but cannot then be stated (see CPLR 3212[f]; Knowles v 21-43 27th St., LLC, 224 AD3d 737, 738). "'A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant'" (Knowles v 21-43 27th St., LLC, 224 AD3d at 738, quoting Cajas-Romero v Ward, 106 AD3d 850, 852).
Here, the Supreme Court properly denied, as premature, the plaintiffs' cross-motion for summary judgment declaring that the 2005 deed is null and void and dismissing the defendants' counterclaim. The plaintiffs made the cross-motion before discovery began, and the defendants demonstrated that discovery might lead to relevant evidence pertaining to the issues raised in the parties' pleadings (see Knowles v 21-43 27th St., LLC, 224 AD3d at 738; Velazquez-Guadalupe v Ideal Bldrs. & Constr. Servs., Inc., 216 AD3d 63, 76).
DUFFY, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court